LESSIE MAE HINSON v. CATO'S, INC.

(Filed 8 November, 1967.)

**1. Negligence § 37b—**

A store owner is not an insurer of his patrons against injury from falling upon the floor of the store, and the doctrine of *res ipsa loquitur* does not apply thereto, but the customer must show that the owner negligently created a condition causing the injury or that he negligently failed to rectify a dangerous condition created by others within a reasonable time after notice, express or implied.

**2. Negligence § 37f—**

Evidence that plaintiff slipped and fell upon a slick or waxed spot on the floor of a store, without any evidence as to what caused the condition or as to how long the condition had existed, is insufficient to support an issue of negligence on the part of the store proprietor.

APPEAL by defendant from *Brock, S.J.*, 22 May 1967 Session Superior Court, RICHMOND County.

The plaintiff went to the defendant's store and later went to a ladies' room which was provided for the use of the defendant's employees *only*. Upon emerging from it, she stepped on something which caused her to fall and sustain injuries. After her fall she saw a waxy, slick spot on the floor and a skid mark made by her heel through the spot where she fell. Her son testified that upon hearing of his mother's fall, he came to the store and looked. He said that at first you could not see the slick waxy-looking spot where she fell.

Other evidence offered by the plaintiff shed no light upon her cause. Except as stated above, there was no evidence as to the condition of the floor, what caused it, or how long it had been there.

The defendant's evidence was that the floor had not been waxed for two months.

At the conclusion of all the evidence, the defendant moved for judgment as of nonsuit which was denied. The jury answered issues of negligence, contributory negligence, and damages in favor of the plaintiff, and the defendant appealed.

*Leath, Bynum, Blount & Hinson, Attorneys for defendant appellant.*

*Webb, Lee & Davis by Denny Sharpe, Attorneys for plaintiff appellee.*

PER CURIAM. A store owner does not insure his patrons against slipping or falling upon the floor. *Raper v. McCrory-McLellan Corp.,* 259 N.C. 199, 130 S.E. 2d 281. The doctrine of *res ipsa loquitur* does not apply in such cases. *Skipper v. Cheatham,* 249 N.C. 706, 107

S.E. 2d 625. To hold the owner liable, the injured person must show: (1) that the owner negligently created the condition causing the injury, or (2) that it negligently failed to correct the condition after notice, either express or implied, of its existence. The mere fact that one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a floor is waxed make the owner liable. *Barnes v. Hotel Corp.*, 229 N.C. 730, 51 S.E. 2d 180. Also, the customer has the duty to (1) see that which can be seen in the exercise of ordinary prudence, and (2) use reasonable safeguards to protect himself. *Berger v. Cornwell*, 260 N.C. 198, 132 S.E. 2d 317.

The plaintiff's evidence falls short on all counts. A "waxy, slick spot" could be created in many ways, such as a wad of chewing tobacco, a partially finished child's candy sucker, a bit of banana peel, a tomato, or almost any other vegetable or candy. Its presence cannot be legally ascribed to the merchant without proof. When dozens, even hundreds, of customers throng the aisles of a supermarket, it would impose an impossible burden on the owner to make him responsible for the thoughtless, or even negligent, acts of each customer who might throw an apple peel or even something more slimy or objectionable on the floor. Until the owner has, or should have had, reasonable notice to remedy such condition, he cannot be held responsible.

Even if a negligent situation could be assumed here, had it existed a week, a day, an hour, or one minute? The record is silent; and since the plaintiff must prove her case, we cannot assume, which is just a guess, that the condition had existed long enough to give the defendant notice, either actual or implied.

The plaintiff has failed to meet the requirements which permit the cause to be submitted to the jury.

Reversed.