BETTY L. PENLAND, PLAINTIFF v. BRENTWOOD REHABILITATION
CENTER, INC. AND EDGEWOOD MANOR, INC., DEFENDANTS

No. 7928SC294

(Filed 4 December 1979)

**Negligence §§ 57.5, 58— obstructed hallway—fall by nurse—jury question as to negligence and contributory negligence**

In an action to recover for injuries sustained by plaintiff nurse, an invitee, when she tripped over boxes in the hallway of defendants' nursing home, evidence of defendants' negligence was sufficient to be submitted to the jury where it tended to show that the boxes were in a hallway and thus a dangerous condition existed for people using the hallway, and the condition had existed for five hours and was known to an employee of defendants; and evidence that the hall was dark and the boxes, which were stacked to a height of 12 to 14 inches, were similar in color to the floor raised a jury question as to whether plaintiff, in the exercise of reasonable care, should have seen and avoided them.

APPEAL by plaintiff from *Lewis, Judge.* Judgment entered 17 October 1978 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 15 November 1979.

Plaintiff sued defendants for injuries which she alleged were proximately caused by the defendants' negligence. Plaintiff's evidence tended to show that she was hired as a nurse by a person confined to a nursing home operated by the defendants. On 22 May 1976 at approximately 10:50 p.m., she went to work at the nursing home. She first went to the west wing of the nursing home to check on her patient. She stayed with her patient for approximately 15 minutes and then walked toward the east wing of the nursing home to sign in for the evening. She stopped in the lobby to speak to Mary McHone, a nurse employed by the defendants, who was on duty. She then started down the hallway in the east wing. There were some boxes stacked in the hall of the east wing "right at the corner of the intersection of the east wing hallway and a hallway leading back to the kitchen area away from the lobby." The lights in the hallway had been turned down so as not to bother the patients who had the doors to their rooms open. Mrs. Penland testified "[t]he lighting was so dim that the nurses used flashlights." Mary McHone testified that she had seen the boxes at 6:00 p.m. The floor at that place was tan and the boxes were brown. They were stacked to a height of 12 to 14 inches.

The lights in the lobby were on. The plaintiff tripped on the boxes and was injured. The court granted a motion for a directed verdict in favor of defendants. Plaintiff appealed.

*McLean, Leake, Talman and Stevenson, by Joel B. Stevenson, for plaintiff appellant.*

*Roberts, Cogburn and Williams, by James W. Williams, for defendant appellees.*

WEBB, Judge.

On this appeal we deal with whether there is sufficient evidence of negligence to be considered by the jury, and whether the evidence of contributory negligence is such that the jury could only answer this issue against the plaintiff. We hold it is a jury question as to both issues.

It was the duty of the defendants as operators of the nursing home to keep the premises in a reasonably safe condition so as not to unnecessarily expose the plaintiff, an invitee, to danger. Where, as in the case sub judice, there is no evidence of the origin of the unsafe condition, if an employee of the defendants had knowledge of it or if it had existed for such period of time that the defendants, as inviters, should by the exercise of reasonable care have known of its existence, this is evidence from which knowledge of the condition may be imputed to the defendants. *Long v. National Food Stores, Inc.*, 262 N.C. 57, 136 S.E. 2d 275 (1964). In this case there is substantial evidence from which the jury could find that the hallway in the east wing had an obstruction in it which was dangerous to persons walking in the hallway. This condition had existed for five hours and was known to Mrs. McHone, an employee of the defendants. This is evidence from which the jury could find there was a dangerous condition in the hallway, the knowledge of which could be imputed to the defendants. This makes the negligence issue for jury consideration.

This brings us to a consideration of the contributory negligence issue. If the boxes stacked in the hallway were so patent and obvious a danger that the plaintiff in the exercise of reasonable care for her safety should have seen and avoided them, she would by her own negligence have contributed to the

accident. *Hinson v. Cato's*, 271 N.C. 738, 157 S.E. 2d 537 (1967). In this case, we hold that the evidence that the hall was dark and the boxes, which were stacked to a height of from 12 to 14 inches, were similar in color to the floor, makes it a jury question as to whether the plaintiff, in the exercise of reasonable care, should have seen and avoided them. The issue of contributory negligence should have been submitted to the jury.

Reversed and remanded.

Judges VAUGHN and MARTIN (Harry C.) concur.