HELEN SUSAN FRANCE v. WINN-DIXIE SUPERMARKET, INC.

No. 8317SC1185

(Filed 18 September 1984)

Negligence § 57.6— pickle juice on supermarket floor—no showing of negligence

In an action to recover for personal injuries sustained when plaintiff slipped and fell in a puddle of pickle juice in defendant's store, the trial court properly directed verdict for defendant where plaintiff made no attempt to show that defendant either created or knew of the slippery condition caused by the broken jar and puddle of juice.

APPEAL by plaintiff from *Long, James M., Judge.* Judgment entered 7 July 1983 in Superior Court, SURRY County. Heard in the Court of Appeals 30 August 1984.

Plaintiff sought damages for personal injuries sustained when she slipped and fell in a puddle of pickle juice in defendant's store. She appeals from a directed verdict for defendant.

*Franklin Smith for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by G. Gray Wilson and Penni L. Pearson, for defendant appellee.*

WHICHARD, Judge.

A store owner does not insure customers against slipping and falling. To hold the owner liable, plaintiff must show that defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence. *Hinson v. Cato's, Inc.,* 271 N.C. 738, 157 S.E. 2d 537 (1967).

Plaintiff here made no attempt to show that defendant either created or knew of the slippery condition caused by the broken pickle jar and puddle of juice on its floor. Instead, she presented evidence that another customer, who had been in the store fifteen

or twenty minutes and was checking out when plaintiff entered, had seen the broken pickle jar on the floor before plaintiff fell. The customer did not say exactly when he observed the pickle jar. From this evidence the jury could only speculate as to how long the pickle juice had been on the floor and as to whether defendant had actual or constructive notice of the dangerous condition. Under these circumstances, a directed verdict for defendant was appropriate. *Hinson, supra.*

Our decision on the directed verdict issue renders discussion of plaintiff's other assignment of error unnecessary.

Affirmed.

Judges ARNOLD and EAGLES concur.