LOUISE B. WARREN AND JESSE WARREN, JR. v. ROSSO AND MASTRACCO, INCORPORATED D/B/A GIANT OPEN AIR OF MURFREESBORO

No. 856SC795

(Filed 3 December 1985)

**Negligence § 57.6— fall by store customer—foreign matter on floor—summary judgment improperly entered**

> Summary judgment was improperly entered in favor of defendant in plaintiff customer's action to recover for injuries received when she slipped and fell in human excrement on the floor of defendant's grocery store where there were disputed facts as to how long the excrement was on the floor before plaintiff stepped in it since a genuine issue of material fact was presented as to whether defendant knew or by the exercise of reasonable care should have known of its existence in time to remove it or to give proper warnings of its presence.

APPEAL by plaintiffs from *Bowen, Judge.* Summary Judgment entered 8 May 1985 in Superior Court, HERTFORD County. Heard in the Court of Appeals 22 November 1985.

*Taylor & McLean by Donnie R. Taylor for plaintiff appellants.*

*Rodman, Holscher & Francisco by David C. Francisco for defendant appellee.*

COZORT, Judge.

This is a civil action wherein the plaintiff-wife seeks approximately $25,000 in damages for injuries to her right shoulder and right foot which allegedly occurred when, after paying for her groceries, she slipped and fell in human excrement which was on the floor of defendant's business. Plaintiff-husband seeks $25,000 in damages for alleged loss of consortium. Plaintiffs allege defendant was negligent in failing to remove the "stream" of human waste from its floor or in failing to warn of the waste's presence.

Plaintiffs' verified complaint was filed on 15 May 1984 and served on defendant on 17 May 1984. On 19 June 1984, defendant filed its answer denying negligence. After both sides conducted discovery, defendant moved for summary judgment on 29 January 1985 which the trial court granted in an Order filed on 8 May 1985. Plaintiffs excepted to the order granting summary judgment and appealed. We reverse.

North Carolina Rules of Civil Procedure, Rule 56, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56. In a negligence action summary judgment is rarely appropriate. *Durham v. Vine*, 40 N.C. App. 564, 253 S.E. 2d 316 (1979). In ruling on a motion for summary judgment the court does not resolve issues of fact and must deny the motion if there is any genuine issue of material fact. If different material conclusions can be drawn from the evidence, then summary judgment should be denied. *Godwin Sprayers, Inc. v. Utica Mutual Ins. Co.*, 59 N.C. App. 497, 296 S.E. 2d 843 (1982), *disc. rev. denied*, 307 N.C. 576, 299 S.E. 2d 646 (1983). A material fact is one that would constitute or would irrevocably establish any material element of a claim or defense. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982). Finally, summary judgment is a drastic remedy and should be granted only where the truth is quite clear. *Volkman v. DP Associates*, 48 N.C. App. 155, 268 S.E. 2d 265 (1980).

Here, like in any negligence action, plaintiffs must prove four essential elements: "(1) evidence of a standard of care owed by the reasonable prudent person in similar circumstances; (2) breach of that standard of care; (3) injury caused directly or proximately by the breach; and (4) loss because of the injury. [Citation omitted.]" *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 656, 268 S.E. 2d 190, 194 (1980). Defendant argues that the undisputed facts show that it did not breach any duty of care it may have owed to the plaintiff-wife. Defendant has a duty "to use ordinary care to keep in a reasonably safe condition those portions of its premises which it may expect will be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision." *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 203, 130 S.E. 2d 281, 283 (1963). " 'But when an unsafe condition is created by third parties or an independent agency it must be shown that it had existed for such a length of time that defendant knew or by the exercise of reasonable care should have known of its existence, in time to have removed the danger or give proper warning of its presence.' " *Id.*, 259 N.C. at 203, 130

S.E. 2d at 284, *quoting Powell v. Deifells, Inc.*, 251 N.C. 596, 600, 112 S.E. 2d 56, 58 (1960).

In support of its motion for summary judgment the defendant submitted affidavits of three employees. In her affidavit, cashier Beverly Joan Pierce states, in substance, that she saw human excrement fall from an elderly woman who was approaching the exit and was immediately in front of plaintiff Louise B. Warren and that Mrs. Warren stepped and slid in the excrement. Supermarket employee Jeffrey B. Edwards states in his affidavit:

> 3. That at about 7:00 o'clock p.m. on October 2, 1982, I was working at the Giant Open Air Supermarket in Murfreesboro, North Carolina. At that time, I was next to the entrance and exit doors of the store, pushing empty grocery carts into the stack by the doors. I observed two elderly ladies walking from the checkout counters toward the exit door, and one of them suddenly stated, "Oh, God, I gotta get out of here," or words to like effect. I then heard a few noises and saw human excrement fall from the lady and land upon the floor. This was approximately four feet from the exit door. Another lady, known to me to be Louise B. Warren, was directly behind the lady who placed the human excrement upon the floor, perhaps five feet behind her.

> The lady who placed the excrement upon the floor immediately ran out of the store and Mrs. Warren apparently stepped in some of the excrement since I saw her foot slide. I did not see her fall to the floor. The excrement was visible on the floor, it being in several spots from the size of a hand to the size of a 50-cent piece. I was approximately twenty feet away and I heard the noises the lady made when she made the mess and I saw the excrement on the floor. I would estimate that Mrs. Warren was approximately five feet behind the lady who placed the excrement upon the floor.

Plaintiff submitted her own affidavit contradicting the defendant's evidence that the excrement had fallen onto the floor immediately prior to her stepping in it. In her affidavit Mrs. Warren states that the excrement she stepped in was dried and had footprints in it; and in plaintiffs' answers to defendant's second set of interrogatories, Mrs. Warren states that she was at the checkout counter for approximately 15 minutes and during that

time period saw no one enter or leave the store. Furthermore, in her affidavit plaintiff states that "Timothy Minton, an employee of defendant on said date and time did state 'he knew it [excrement] was on the floor but it wasn't his place to get it up; I was to put up stock.' " [Brackets in original.] In his affidavit, however, Timothy Minton seeks to explain his alleged statement to Mrs. Warren:

> Approximately one week after the accident, Mrs. Warren engaged me in a conversation at the store and asked me did I know about the accident. I told her that I had heard about the accident, but that I did not see it, and only knew what others had told me about it. I believe I told Mrs. Warren in this conversation that I was, at the time of the accident, working on one of the aisles and that therefore, it would not have been my job to clean up the excrement that was apparently upon the floor. I did not intend to imply to her that I had known about the excrement on the floor prior to her alleged fall, nor did I intend to imply to her that I had refused to clean it up. I did not even know about the accident until sometime after it had apparently occurred.

The above evidence shows it is undisputed that while in defendant's store Mrs. Warren slipped on human waste. This evidence also shows, however, that there are disputed facts as to how long the waste was on the floor before plaintiff stepped in it. These disputed facts are material facts because an essential element of plaintiff's claim is she must show that the waste was on the floor for such a length of time that defendant knew or by the exercise of reasonable care should have known of its existence in time to remove the waste or give proper warnings of its presence.

The question here is not whether plaintiff's version of the facts will be believed by the jury but whether there is a genuine issue of material fact. As the foregoing shows, there is a genuine issue of material fact.

Accordingly, the trial court's granting of summary judgment for the defendant is

Reversed.

Judges WELLS and PHILLIPS concur.