PAIGE B. HICKS v. FOOD LION, INC.

No. 889SC879

(Filed 6 June 1989)

1. **Rules of Civil Procedure § 56.7— trial on merits—denial of summary judgment not appealable**

    The denial of defendant's motion for summary judgment is not reviewable on appeal from a final judgment rendered after a trial on the merits.

2. **Negligence § 57.6— fall by store customer — milk on floor — sufficient evidence of negligence**

    Plaintiff's evidence was sufficient for the jury in an action to recover for injuries sustained in a fall in defendant's grocery store where the evidence would permit, but not compel, a jury to find that plaintiff slipped and fell on milk that had been spilled near a check-out lane, and that fifteen to thirty minutes before the accident another customer had notified a store employee about the spilled milk, notwithstanding various witnesses had somewhat differing descriptions of the milk.

3. **Negligence § 58— customer's failure to see milk on floor — no contributory negligence as matter of law**

    Plaintiff was not contributorily negligent as a matter of law in failing to see milk spilled on the floor of defendant's gro-

HICKS v. FOOD LION, INC.

[94 N.C. App. 85 (1989)]

cery store as she went from one check-out lane to another where the milk blended in with the color of the floor, and plaintiff was required to keep a lookout at eye level to keep from bumping into racks of magazines and candy separating the check-out lanes.

APPEAL by defendant from *Crawley, Jack B., Judge*. Judgment entered 31 March 1988 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 15 March 1989.

This is a civil action in which plaintiff sought damages for injuries sustained when she slipped and fell in defendant's grocery store in some milk which she alleged defendant negligently failed to remove from the floor.

*Davis, Sturges & Tomlinson, by Charles M. Davis, for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, by George W. Dennis, III and E. Clementine Peterson, for defendant-appellant.*

JOHNSON, Judge.

Plaintiff's evidence, viewed in the light most favorable to her, tended to show the following: On 31 January 1986 at approximately 8:00 p.m., plaintiff entered defendant's grocery store to purchase two items. After selecting them, she proceeded to the sixth or seventh check-out lane carrying her groceries and six dollars in her hands. There she got in line behind another customer. She then looked to her right over the magazine racks and noticed that the next lane had no one waiting. Plaintiff turned out of the lane she was in, took three or four steps toward the lane to her right, slipped, and fell flat on the floor. She was approximately three feet back from the check-out counter when she fell. Plaintiff testified that the floor was a whitish color and that she never saw any milk on it either before or after her fall. However, witnesses to the incident saw smeared milk on the floor near her.

On the evening of plaintiff's accident, Hurley Ayscue and his wife also entered the defendant's store to shop. Mr. Ayscue later testified that when he and his wife approached the check-out lanes to pay at approximately 7:30 p.m., he observed a big puddle of milk on the floor near the third lane on the side toward the produce. From our review of plaintiff's exhibits two, three and four,

photographs of the vicinity of defendant store's check-out lanes, we understand the witness to be referring to lane five. He warned his wife about the milk and said to one of the cashiers, "there is some milk on the floor, you better get it up before somebody slips on it." The Ayscues completed their purchase and left the store before plaintiff's accident.

Two other customers who were present when plaintiff fell testified at trial. Dan Denton, who was in line three or four counters over from plaintiff, saw her fall and went immediately to help. He stated that when he bent over the plaintiff, he saw a milklike substance that had been slid through on the floor beside plaintiff.

Elaine Denton, who was paying for groceries when plaintiff fell, did not actually see the accident. When she heard the noise, she turned and went to assist plaintiff. Mrs. Denton also saw smeared milk on the floor. In her deposition, the witness characterized the milk as "just a spot" which had been smeared. She also said, "[i]t looked like there had been a puddle and it looked like it had been smeared by her foot in the process of sliding." At trial, the witness was unsure of the amount of milk on the floor.

Plaintiff instituted this action by the filing of her complaint on 12 September 1986. Defendant's answer denied negligence and alleged in the alternative that plaintiff was contributorily negligent in failing to keep a proper lookout. Prior to trial, defendant moved, pursuant to G.S. sec. 1A-1, Rule 56, for summary judgment. The motion was denied. At the close of all the evidence, the following issues were submitted and answered by the jury:

1. Was the plaintiff, Paige B. Hicks, injured or damaged by the negligence of the defendant, Food Lion, Inc.?

ANSWER: Yes

2. Did the plaintiff, Paige B. Hicks, by her own negligence, contribute to her injury or damage?

ANSWER: No

3. What amount, if any, is the plaintiff, Paige B. Hicks, entitled to recover for personal injuries[?]

ANSWER: $36,919.14

Judgment was rendered on the verdict.

In this appeal, defendant contends that the trial court erred in denying its motions for summary judgment, directed verdict and judgment notwithstanding the verdict on the grounds that there is no genuine issue of material fact regarding negligence and contributory negligence, and that defendant is entitled to judgment as a matter of law.

[1]   We first address the appealability of the denial of defendant's summary judgment motion. The purpose of summary judgment is to provide an expeditious method of reaching a decision on the merits without a trial when no material facts are in dispute. *McNair v. Boyette*, 282 N.C. 230, 192 S.E. 2d 457 (1972). After trial, that purpose can no longer be served. Therefore, denial of defendant's motion for summary judgment is not reviewable on appeal from a final judgment rendered after a trial on the merits. *MAS Corp. v. Thompson*, 62 N.C. App. 31, 302 S.E. 2d 271 (1983). Defendant presents identical arguments as to the denial of its motions for directed verdict and judgment notwithstanding the verdict. We shall consider them as to these motions only.

In ruling on a motion for directed verdict or for judgment notwithstanding the verdict made by a defendant pursuant to G.S. sec. 1A-1, Rule 50, the court must consider the evidence in the light most favorable to the plaintiff and resolve all conflicts in his favor. *Husketh v. Convenient Systems*, 295 N.C. 459, 245 S.E. 2d 507 (1978); *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). The plaintiff must receive the benefit of every inference which may reasonably be drawn in his favor. *Id.* The granting of either motion is appropriate only if the evidence is insufficient, as a matter of law, to support a verdict for the plaintiff. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974).

A proprietor does not insure his customers against slipping and falling. *Hinson v. Cato's, Inc.*, 271 N.C. 738, 157 S.E. 2d 537 (1967). However, the store owner has a duty to keep the areas where patrons are expected to go reasonably safe and to warn of hidden dangers or unsafe conditions of which he knows, or in the exercise of reasonable supervision, should know. *Lee v. Green & Co.*, 236 N.C. 83, 72 S.E. 2d 33 (1952). If a plaintiff is injured by an unsafe condition created by a third party or an independent agency, the plaintiff must show that the proprietor had notice, express or implied, of the condition in time to remove the danger or give proper warning of it. *Dawson v. Light Co.*, 265 N.C. 691,

**HICKS v. FOOD LION, INC.**

[94 N.C. App. 85 (1989)]

144 S.E. 2d 831 (1965); *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 130 S.E. 2d 281 (1963); *Stafford v. Food World*, 31 N.C. App. 213, 228 S.E. 2d 756, *disc. rev. denied*, 291 N.C. 324, 230 S.E. 2d 677 (1976). We believe that, viewing the evidence in the light most favorable to plaintiff and allowing her the benefit of all reasonable inferences therefrom, plaintiff established a *prima facie* case of negligence, and that the trial court was correct in denying defendant's motions for directed verdict and judgment notwithstanding the verdict.

[2] The thrust of defendant's argument is that plaintiff failed to present evidence that defendant store had either constructive or actual notice of the milk on the floor. It contends that there was no evidence that plaintiff slipped in the same milk of which defendant had been notified by Hurley Ayscue. We disagree.

Plaintiff's evidence would permit, but not compel, a jury to find the following facts: that plaintiff slipped and fell on milk that had been spilled near a check-out lane; and that about fifteen to thirty minutes before the accident, another customer, Hurley Ayscue, notified an employee of the defendant about the spilled milk. We do not find plaintiff's evidence fatally flawed because the various witnesses had somewhat differing descriptions of the milk. The Dentons, who recalled seeing less milk than Hurley Ayscue, only saw the spill after plaintiff had slid through it when her clothes may well have absorbed part of it. Hurley Ayscue saw the milk before plaintiff's fall. There was also testimony of grocery cart tracks through the milk which would have affected its appearance. Similarly, slight discrepancy in testimony as to the exact location of the milk would not prevent the jury from reasonably inferring that the milk of which Mr. Ayscue warned defendant's employee was the same that plaintiff slipped in.

In finding defendant negligent, the jury may also have been influenced by the testimony of defendant's store manager. He stated that prior to plaintiff's fall on the evening in question, he had not been notified of any milk spilled on the floor. From this, the jury could have inferred that the milk of which Hurley Ayscue notified one of defendant's cashiers fifteen to thirty minutes before plaintiff's fall had never been cleaned up. We believe there was sufficient evidence, viewed in the light most favorable to plaintiff, for a jury to reasonably conclude that defendant had actual notice of the milk upon which plaintiff slipped.

HICKS v. FOOD LION, INC.

[94 N.C. App. 85 (1989)]

[3]    We turn now to defendant's contention that its motions for directed verdict and judgment notwithstanding the verdict should have been granted because plaintiff was contributorily negligent as a matter of law in failing to look where she was going and in failing to notice what she could reasonably be expected to see.

It is well settled in North Carolina that a claimant's negligence action will be barred if he failed to exercise ordinary care for his own safety, and that failure contributed to his injury. *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E. 2d 504 (1980). Our Supreme Court has stated that the issue before a trial court when a defendant moves for a directed verdict on the grounds of plaintiff's contributory negligence is whether " 'the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge.' " *Rappaport v. Days Inn*, 296 N.C. 382, 384, 250 S.E. 2d 245, 247 (1979), *quoting Clark v. Bodycombe*, 289 N.C. 246, 251, 221 S.E. 2d 506, 510 (1976).

Applying these principles to the facts of the case *sub judice*, it is our opinion that plaintiff was not contributorily negligent as a matter of law. There was evidence that the floor where plaintiff fell was a whitish color similar to the color of milk, which would have caused the milk to blend in with the floor somewhat. *Morgan v. Tea Co.*, 266 N.C. 221, 145 S.E. 2d 877 (1966); *Long v. Food Stores, Inc.*, 262 N.C. 57, 136 S.E. 2d 275 (1964). Also, although the milk was visible, several witnesses stated that they did not see the milk until they were standing right over plaintiff after her fall. We also believe it is important that when plaintiff failed to see the milk, she was in the process of turning from one check-out lane to another. This movement would have made it less likely, in our opinion, for plaintiff to have seen the milk than if she had been walking straight ahead toward it.

Defendant complains that the milk would not have been hidden from plaintiff's view if she had looked down. Our Supreme Court has addressed this question in a similar context. In holding that a trial court erred in directing a verdict against a plaintiff on the issue of contributory negligence when plaintiff failed to see a platform extension that protruded into the aisle near the floor, the Court stated that "[t]he question is not whether a reasonably

IN RE APPLICATION OF RAYNOR

[94 N.C. App. 91 (1989)]

prudent person would have seen the platform had he or she looked but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor." *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468, 279 S.E. 2d 559, 563 (1981).

In the case *sub judice*, we cannot say that the plaintiff failed to use ordinary care as she changed lanes because she failed to look down at the floor. It was necessary for her to maneuver so that she did not bump into the racks of magazines and candy separating the check-out lanes, which required plaintiff to keep a lookout at eye level.

Defendant has failed to establish that plaintiff was contributorily negligent as a matter of law. The trial court did not err in denying defendant's motions based on this argument.

For all the foregoing reasons we find no error in the trial of this matter.

No error.

Judges ARNOLD and PHILLIPS concur.