WILLIAM H. MIZELL, PLAINTIFF v. K-MART CORPORATION, DEFENDANT

No. 9018SC969

(Filed 6 August 1991)

1. **Negligence § 57.6 (NCI3d) — slip and fall — length of time liquid on floor — summary judgment for defendant — improper**

The trial court erred by granting summary judgment for defendant in a negligence action arising from plaintiff's fall in defendant's store where plaintiff alleged that he slipped and fell on a puddle of brown liquid which looked like coffee in the vestibule through which customers entered and left the store. Plaintiff presented the affidavit of a customer who sat about 20 feet from the location of plaintiff's fall and who stated that he had had an unobstructed view of patrons walking through the vestibule for approximately 20 minutes prior to plaintiff's fall and that nothing was spilled during that time. There were questions for the jury pertaining to the length of time the liquid was on the floor and whether this period was long enough to lead to the conclusion that defendant was negligent in failing to notice and remove the liquid or warn its customers.

**Am Jur 2d, Premises Liability §§ 573, 580.**

**Liability of operator of store, office, or similar place of business to invitee slipping on spilled liquid or semiliquid substance. 26 ALR4th 481.**

MIZELL v. K-MART CORPORATION

[103 N.C. App. 570 (1991)]

2. Negligence § 58 (NCI3d)— slip and fall—contributory negligence—summary judgment for defendant

Defendant failed to establish that plaintiff was contributorily negligent as a matter of law in a slip and fall action where plaintiff's evidence was sufficient to permit a reasonable inference that the liquid might not have been obvious to a customer exercising ordinary care, and a jury could also have reasonably found that a person using ordinary care might not have been looking at the floor in those circumstances.

Am Jur 2d, Premises Liability §§ 800, 801.

Chief Judge HEDRICK dissenting.

APPEAL by plaintiff from judgment entered 10 May 1990 by Judge William H. Freeman in GUILFORD County Superior Court. Heard in the Court of Appeals 15 April 1991.

In this civil action, plaintiff appeals from a summary judgment entered for defendant. In his complaint, plaintiff alleged that a puddle of liquid on defendant's floor caused him to slip and fall. Plaintiff alleged that defendant's employees were negligent in failing to notice and remove the liquid. Prior to his fall and for reasons unrelated to this action, plaintiff was blind in one eye and had 20/60 vision with corrective lenses in the other eye. Plaintiff seeks damages for a permanent injury to his left knee, lost wages, and medical expenses.

The evidence before the trial court on defendant's motion for summary judgment indicated that defendant's store opened at 9:30 a.m. on 21 May 1988. Conflicting evidence offered by the parties estimated that plaintiff fell between 10:15 a.m. and 11:00 a.m. After choosing the items he wanted to purchase, plaintiff paid for his merchandise and proceeded to leave carrying his packages.

To leave the store, customers must pass through a vestibule enclosed by two sets of doors. After plaintiff was approximately eight to ten feet beyond the first door, he slipped and fell. At his deposition, plaintiff stated that he remembered his foot sliding and his falling at the same instant. Immediately after his fall, plaintiff noticed to his right on the floor a puddle of brown liquid which looked like coffee and seemed to blend in with the brownish color of the floor. Additionally, he stated that prior to his fall he was

carrying two large bags of yarn and was looking at the exiting customers walking directly in front of him.

Charles Gates, a customer, witnessed plaintiff's fall. For a period of approximately 20 minutes prior to plaintiff's fall, Gates sat on a bench approximately 20 feet from where plaintiff fell. In his affidavit, Gates stated that he had a clear view of the area and that nothing was spilled there during that time. Defendant's internal report taken at the scene stated that the last inspection of the area was performed by the general manager at 8:30 a.m. An employee stated in her affidavit that she had not seen any liquid on the floor when she opened the store at 9:30 a.m. The parties presented no evidence concerning the origin of the liquid.

Defendant's answer denied negligence and alleged that plaintiff was contributorily negligent for failing to keep a proper lookout. On 9 February 1990, defendant moved for summary judgment pursuant to G.S. 1A-1, Rule 56. The motion was granted 10 May 1990. Plaintiff appeals.

*Spencer W. White for plaintiff-appellant.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Clinton Eudy, Jr., and Amiel J. Rossabi for defendant-appellee.*

EAGLES, Judge.

[1] Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment. Plaintiff argues that a genuine issue of material fact exists as to whether the liquid remained on the floor for such a length of time that defendant knew or should have known of its existence. We agree.

Under G.S. 1A-1, Rule 56(c), defendant is entitled to summary judgment if the record shows "that there is no genuine issue as to any material fact and that [defendant] is entitled to a judgment as a matter of law." Defendant, as the party moving for summary judgment, has the burden of establishing the absence of any triable issue of fact. *Econo-Travel Motor Hotel Corp. v. Taylor,* 301 N.C. 200, 271 S.E.2d 54 (1980). When a trial court rules on a motion for summary judgment, "the evidence is viewed in the light most favorable to the non-moving party." *Hinson v. Hinson,* 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986).

**MIZELL v. K-MART CORPORATION**

[103 N.C. App. 570 (1991)]

Since summary judgment "provides a somewhat drastic remedy, it must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971). Our courts have repeatedly stated that summary judgment is rarely appropriate in negligence cases because "it ordinarily remains the province of the jury to apply the reasonable person standard." *Moore v. Crumpton*, 306 N.C. 618, 624, 295 S.E.2d 436, 441 (1982) (citing *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E.2d 419 (1979) ). After careful review of the record, we hold that the evidence, when viewed in the light most favorable to plaintiff, raises a genuine issue of material fact. Accordingly, we reverse the entry of summary judgment in favor of defendant and remand for trial.

In order to survive defendant's motion for summary judgment, "plaintiff must allege a *prima facie* case of negligence—defendants owed plaintiff a duty of care, defendants' conduct breached that duty, the breach was the actual and proximate cause of plaintiff's injury, and damages resulted from the injury." *Lamm v. Bissette Realty, Inc.*, 327 N.C. 412, 416, 395 S.E.2d 112, 115 (1990). Plaintiff was an invitee on defendant's premises because his purpose for entering defendant's store was to purchase merchandise. *Morgan v. Great Atlantic and Pacific Tea Co.*, 266 N.C. 221, 145 S.E.2d 877 (1966). Because the plaintiff was an invitee, defendant has a duty "to keep 'entrances to his business in a reasonably safe condition for the use of customers entering or leaving the premises.' " *Lamm v. Bissette Realty, Inc.*, 327 N.C. at 416, 395 S.E.2d at 115 (quoting *Lamm v. Bissette Realty, Inc.*, 94 N.C. App. 145, 146, 379 S.E.2d 719, 721 (1989).

Additionally, defendant "has a duty to warn invitees of hidden dangers about which [defendant] knew or should have known." *Lamm v. Bissette Realty, Inc.*, 327 N.C. at 416, 395 S.E.2d at 115. Where an unsafe condition is created by a third party, or where there is no evidence of its origin, an invitee cannot recover "unless he can show that the unsafe or dangerous condition had remained there for such length of time that the inviter knew, or by the exercise of reasonable care should have known, of its existence." *Long v. National Food Stores, Inc.*, 262 N.C. 57, 60, 136 S.E.2d 275, 278 (1964).

Defendant contends that plaintiff's forecast of evidence fails to show "how long the liquid was on the floor." We disagree.

Here, plaintiff presented the affidavit of a customer, Charles Gates, who sat approximately 20 feet from where plaintiff fell. Gates stated that he had an unobstructed view of patrons walking through the vestibule for approximately 20 minutes prior to plaintiff's fall. He further stated that nothing was spilled there during that period of time.

From this evidence, the jury could infer that the liquid had remained on the floor for at least 20 minutes. Viewed in the light most favorable to plaintiff, the evidence raises a jury question on the issue of defendant's negligence. Here, there are two factual questions for the jury. The first question pertains to the length of time the liquid was on the floor. The second question pertains to whether this period was long enough to lead to the conclusion that defendant was negligent in failing to notice and remove the liquid or warn its customers. *Warren v. Rosso and Mastracco, Inc.*, 78 N.C. App. 163, 336 S.E.2d 699 (1985).

In an attempt to sustain its position, defendant relies on *France v. Winn-Dixie Supermarket, Inc.*, 70 N.C. App. 492, 320 S.E.2d 25 (1984), *disc. review denied*, 313 N.C. 329, 327 S.E.2d 889 (1985). *France* is distinguishable. In *France*, the plaintiff slipped in pickle juice on defendant's floor. Plaintiff presented no evidence establishing exactly when the witness had seen the broken jar of pickles on the floor. Accordingly, this Court held that the jury could only speculate as to how long the broken jar had been on the floor. Unlike *France*, this is not a case calling for jury speculation. Here, plaintiff has a witness who was looking directly at the area for at least 20 minutes prior to the fall, who saw nothing being spilled and who was present when the fall occurred. The jury could reasonably find from the evidence that the liquid had been on the floor for at least 20 minutes.

[2]    We also note that defendant in its answer alleged that plaintiff was contributorily negligent for failing to keep a proper lookout. Defendant argues that the liquid would have been obvious to plaintiff if he had looked down as he walked. Our Supreme Court has addressed this issue as follows:

The basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff

failed to keep a proper lookout for her own safety. The question is not whether a reasonably prudent person would have seen the [object] had he or she looked but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor.

*Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468, 279 S.E.2d 559, 563 (1981). *See Rives v. Great Atlantic and Pacific Tea Co.*, 68 N.C. App. 594, 598, 315 S.E.2d 724, 727 (1984) (customer slipped and fell on grapes in grocery store). Furthermore, "[t]he issues of proximate cause and contributory negligence are usually questions for the jury." *Lamm v. Bissette Realty, Inc.*, 327 N.C. at 418, 395 S.E.2d at 116.

Plaintiff's evidence is sufficient to permit a reasonable inference that the liquid might not have been obvious to a customer exercising ordinary care. Plaintiff stated at his deposition that the floor and the liquid were similar in color. Gates stated at his deposition that he did not see the liquid until he actually came over to help the plaintiff after the fall. Taken in the light most favorable to plaintiff, these statements could reasonably lead to the conclusion that the liquid was difficult to discern. *Hicks v. Food Lion, Inc.*, 94 N.C. App. 85, 90, 379 S.E.2d 677, 680 (1989).

Furthermore, a jury could reasonably find that a person using ordinary care might not have been looking at the floor in these circumstances. Defendant, carrying two large bags and following other customers, had just opened one door, passed through the doorway, and was only a few feet from the second door. A jury might find that a reasonably prudent person under these circumstances might be looking straight ahead and preparing to go out through the next door. "If different material conclusions can be drawn from the evidence, summary judgment should be denied." *Spector United Employees Credit Union v. Smith*, 45 N.C. App. 432, 437, 263 S.E.2d 319, 322 (1980). We conclude that defendant has failed to establish that plaintiff was contributorily negligent as a matter of law.

Accordingly, we reverse the trial court's grant of summary judgment for defendant and remand this matter for a jury trial.

Reversed and remanded.

Judge WELLS concurs.

Chief Judge HEDRICK dissents.

Chief Judge HEDRICK dissenting.

Based on the logic of *France v. Winn-Dixie Supermarket*, 70 N.C. App. 492, 320 S.E.2d 25 (1984), *disc. review denied*, 313 N.C. 329, 327 S.E.2d 889 (1985), I must respectfully dissent from the majority opinion.

Plaintiff's argument on appeal is that the trial court erred in granting summary judgment for defendant because there are genuine issues of material fact and defendant is not entitled to judgment as a matter of law. Plaintiff argues that whether the dangerous condition existed for such a length of time that the defendant knew, or by the exercise of reasonable care should have known, of its existence is a genuine issue of material fact which makes summary judgment improper.

Plaintiff cites and relies on *Warren v. Rosso and Mastracco, Inc.*, 78 N.C. App 163, 336 S.E.2d 699 (1985). In that case, the plaintiff slipped and fell in human excrement which was on the floor of defendant's business. The defendant submitted affidavits from two employees which stated that they saw the excrement fall from an elderly woman walking immediately in front of the plaintiff. The plaintiff submitted her own affidavit which stated that the excrement she stepped in was dried and had footprints in it. This Court, in reversing summary judgment for the defendant, found that the evidence showed there were disputed facts as to how long the excrement was on the floor before the defendant stepped in it.

The present case is distinguishable because there are no disputed facts as to how long the puddle was on the floor before plaintiff stepped in it. The evidence in the record shows that the area was checked at 8:30 a.m., and again at 9:30 a.m. when the store opened, and at both times the floor was clean. Testimony was given that plaintiff's fall occurred sometime between 10:15 a.m. and 11:00 a.m. An eyewitness to plaintiff's fall stated in his deposition that he had observed the area for approximately fifteen to twenty minutes prior to the accident, and that he had not noticed the puddle nor had he seen anyone spill any liquid during that time.

Defendant argues that the facts and holding of *France v. Winn-Dixie Supermarket*, 70 N.C. App. 492, 320 S.E.2d 25 (1984), *disc.*

MIZELL v. K-MART CORPORATION

[103 N.C. App. 570 (1991)]

*review denied*, 313 N.C. 329, 327 S.E.2d 889 (1985), are more closely analogous to the case at bar. In *France*, the evidence tended to show that the plaintiff slipped and fell in a puddle of pickle juice on the floor of the defendant's store. Even though the plaintiff presented evidence that another customer, who had been in the store for fifteen or twenty minutes, had seen the broken jar and juice on the floor before the plaintiff fell, the court concluded that the jury could only speculate as to how long the pickle juice had been on the floor. Therefore, the court logically concluded that a directed verdict for the defendant was appropriate.

In order to hold a store owner liable for injuries suffered by one of its customers in its store, the injured customer must show that the owner negligently created the condition causing the injury, or that the owner negligently failed to correct the condition after actual or constructive notice of its existence. *Hinson v. Cato's; Inc.*, 271 N.C. 738, 157 S.E.2d 537 (1967). If the unsafe condition causing injury was not created by the store owner or one of its employees, the customer alleging injury must show that the condition had existed for such a length of time that the store owner, by the exercise of reasonable inspection, should have known of its existence in time to have removed the danger or given warning of its presence. *Pratt v. Tea Co.*, 218 N.C. 732, 12 S.E.2d 242 (1940).

Plaintiff does not allege that defendant negligently created the condition causing the injury. Furthermore, there is no evidence in the record showing when the spill occurred or for how long the dangerous condition existed. Testimony offered by the parties merely showed that the floor was clean as late as 9:30 a.m., and that an eyewitness had not observed anyone spill anything for the fifteen to twenty minutes prior to plaintiff's fall. Therefore, it follows that the trier of fact could only speculate as to how long the liquid had been on the floor and whether that length of time was such that defendant knew, or by the exercise of reasonable care should have known, of the existence of the hazard. Plaintiff has failed to meet his burden of proof and the trial court was correct in declining to speculate as to whether the condition had existed long enough to give defendant notice, either actual or implied. Therefore, I would affirm summary judgment for defendant.