**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 96-1067

RACHAEL G. ROGERSON,

Plaintiff - Appellant,

versus

WAL-MART STORES, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Terrence W. Boyle, District Judge. (CA-94-161-4-BO)

Submitted: October 31, 1996       Decided: November 18, 1996

Before MURNAGHAN, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas B. Brandon, III, Williamston, North Carolina, for Appellant. Raymond E. Dunn, Jr., Andrew D. Jones, DUNN, DUNN, & STOLLER, New Bern, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rachael G. Rogerson appeals the district court's grant of summary judgment in favor of the Defendant in her diversity slip-and-fall claim. We affirm.

Rogerson contends that the district court improperly excluded an affidavit tending to show that the alleged dangerous condition resulting in her accident was a common result of the Defendant's cleaning procedures. We find that even if this affidavit were admitted it demonstrates only that if the condition existed it may have been created by the Defendant's negligence. There is, however, no evidence that the alleged dangerous condition actually existed prior to Rogerson's fall. Accordingly, because Rogerson cannot prove its existence, she cannot prove that it was created by the Defendant's negligence or that the Defendant failed to correct the condition after actual or constructive notice of its existence. See France v. Winn-Dixie Supermarket, Inc., 320 S.E.2d 25, 25 (N.C. Ct. App. 1984), review denied, 327 S.E.2d 889 (N.C. 1985) (providing standard). We therefore affirm the district court's grant of summary judgment in favor of the Defendant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2