RAMIREZ, J.
(dissenting).
I respectfully dissent because the majority improperly equates an excessively waxy floor with a slippery and dangerous one.
Appellant Miriam Troya admitted in her deposition that she did not see anything out of the ordinary on the floor where she fell. She did not see any water or other substance on the floor. She also did not see anyone cleaning the floor during her forty-five minute visit with the patient. She did testify, however, that an unidentified hospital employee declared that the floor was “waxy.”[2] At the time of the fall, Troya was overweight and wore strapless, spiked two or three-inch heeled shoes.
Raquel Berman, a physical therapist present in the patient’s room when Troya fell, but who did not witness the fall, immediately assisted Troya. In her affidavit, Berman stated that when Troya fell, the floor did not have any debris, foreign objects or clutter on it, and there was no water, liquid or build up of wax on the floor. Berman testified that, prior to Tro-ya’s fall, she traversed the area where Troya fell and did not notice anything out of the ordinary about the floor. Berman also testified that the floors were always kept clean and shiny, and were mopped every day. Berman has never seen the maintenance workers actually buff the patient room floors with their equipment and does not know when the rooms are buffed, but she believes that the rooms are buffed when empty.
According to Timothy Parker, the director of the hospital’s housekeeping and management services, the patient room floors are never waxed. Instead, the floors are dry mopped and occasionally spray-buffed with a slip-resistant product. Pursuant to the hospital’s housekeeping services agreement, the patient room floors are to be spray-buffed at least once per week. All traffic areas, including corridors and nursing stations, are to be spray-buffed at least twice per week.
I agree that the concession by the hospital employee that the floor was “waxy” or “too waxy” falls under the hearsay exception of section 90.803(18)(d), Florida Statutes (1999), as an admission by the hospital’s agent or servant concerning a matter within the scope of the agency or employment. See Thee v. Manor Pines Convalescent Ctr., Inc., 235 So.2d 64 (Fla. 4th DCA 1970). But this statement does not demonstrate that a “waxy” floor, even an excessively waxy floor, is necessarily a dangerous condition. The American Heritage Dictionary of the English Language (3d ed.1996) defines “waxy” as “1. Resembling wax, especially: a) Pale, b) Smooth and lustrous, c) Pliable or impressionable. 2. Consisting of, abounding in, or covered with wax.” There is nothing inherently *231 dangerous about a floor being “waxy.” “Waxy” is not synonymous with slippery.
The majority has not cited to any case which holds that an excessively waxed floor is inherently dangerous. However, there is support for a contrary conclusion. See Hinson v. Cato’s, Inc., 271 N.C. 738, 157 S.E.2d 537, 538 (1967) (The plaintiff saw a waxy, slick spot on the floor and a skid mark made by her heel through the spot where she fell. ' The court stated, “[t]he mere fact that one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a floor is waxed make the owner liable.”).
Therefore, I would hold that Troya’s evidence was not sufficient to create an issue of fact in order to avoid the entry of summary judgment.

. At another point in her deposition, Troya testified that "they said that floor had too much wax on it.”