EDWARD FURR, Plaintiff v. K-MART CORPORATION, Defendant

No. COA00-257

(Filed 20 February 2001)

**Premises Liability— slip and fall—detergent on floor**

The trial court erred by granting summary judgment for defendant department store in a slip and fall action where plaintiff presented evidence that the liquid on which he slipped was detergent that had leaked from a container onto a shelf, down the side of the shelving structure, and onto the floor, and that the liquid on the tops and sides of the shelves had already dried and become pink at the time of plaintiff's fall. This evidence is sufficient to raise an inference that the detergent had been leaking for such a length of time that defendant should have known of its existence.

Appeal by Plaintiff from order entered 19 October 1999 by Judge Claude Sitton in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 January 2001.

*George Hamo & Associates, by George R. Hamo, for plaintff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Allen C. Smith and C. J. Childers, for defendant-appellee.*

HUDSON, Judge.

On 30 November 1996, plaintiff allegedly slipped and fell while shopping in a K-Mart store. Plaintiff filed a complaint on 7 August 1998, alleging that defendant's negligence caused his fall. Following discovery, defendant moved for summary judgment. The trial court granted defendant's motion and dismissed the complaint. Plaintiff appeals from this order.

Plaintiff's evidence tended to show that as he rounded the corner of an aisle in defendant's store, he slipped on some clear liquid that was on the floor in front of a column of shelves holding Wisk detergent containers. Above the liquid there was a pink, dried substance on the tops and sides of the shelves holding the Wisk containers, as well as on the base structure between the lowest shelf and the floor. When plaintiff tried to stand up, the seat of his pants and his shirt were wet, and his hands slipped in the liquid.

Plaintiff presented photographs of the accident area which had been taken approximately four days after he fell. These photographs show a pink substance on the tops and sides of the lowest two shelves holding the Wisk containers. Plaintiff testified that the amount of dried soap on the shelves at the time of the accident was greater than the amount that appears in the photographs. A Customer Accident Worksheet, which had been filled out by a K-Mart employee subsequent to plaintiff's fall, states that, upon inspecting the scene, the employee "found Wisk on the floor" and saw that "there was a trail" of Wisk on the floor.

In a premises liability case involving injury to a store customer, the owner of the premises has a duty to exercise "ordinary care to keep in a reasonably safe condition those portions of its premises which it may expect will be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision." *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 203, 130 S.E.2d 281, 283 (1963). "But when an unsafe condition is created by third parties or an independent agency it must be shown that it had existed for such a length of time that defendant knew or by the exercise of reasonable care should have known of its existence, in time to have removed the danger or given proper warning of its presence." *Powell v. Deifells, Inc.*, 251 N.C. 596, 600, 112 S.E.2d 56, 58 (1960). Thus, to prove a breach of the duty of care the plaintiff is required to show that the defendant either "(1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992).

On appeal, plaintiff contends the trial court erred in granting defendant's motion for summary judgment. A defendant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

**FURR v. K-MART CORP.**

[142 N.C. App. 325 (2001)]

show that there is no genuine issue as to any material fact and that [defendant] is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (1999). When a trial court rules on a motion for summary judgment, "the evidence is viewed in the light most favorable to the non-moving party," *Hinson v. Hinson*, 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986), and "[a]ll inferences of fact must be drawn against the movant and in favor of the nonmovant," *Roumillat*, 331 N.C. at 63, 414 S.E.2d at 342. In a negligence action, summary judgment is rarely appropriate. *See, e.g., Durham v. Vine*, 40 N.C. App. 564, 566, 253 S.E.2d 316, 319 (1979). Specifically, a defendant is entitled to summary judgment in a slip and fall case if the plaintiff is unable to provide a forecast of evidence to support an essential element of the claim. *See Roumillat*, 331 N.C. at 63, 414 S.E.2d at 342.

Defendant argues that summary judgment was proper in the case at bar because plaintiff failed to produce evidence that defendant knew or should have known of the dangerous condition. It is well-established that evidence presented by a plaintiff tending to show that the condition causing a slip and fall existed for some period of time prior to the fall may raise an inference of constructive notice sufficient to withstand a motion for summary judgment. For example, in *Nourse v. Food Lion, Inc.*, 127 N.C. App. 235, 488 S.E.2d 608 (1997), *aff'd*, 347 N.C. 666, 496 S.E.2d 379 (1998), the defendant presented evidence to show that none of its employees was aware of the water or grape on the floor which had caused the plaintiff's slip and fall, *id.* at 241, 488 S.E.2d at 612. The plaintiff presented evidence that the grape was brown, raising an inference that it had been on the floor for some time, and that the water likely resulted from ice that had fallen from the grape display and had been on the floor long enough to melt. This Court reversed the entry of summary judgment, holding that such evidence raised an inference that the defendant had constructive notice of the condition which caused the plaintiff's fall. *Id.* at 241, 488 S.E.2d at 612-13.

In *Mizell v. K-Mart Corp.*, 103 N.C. App. 570, 406 S.E.2d 310 (1991), *aff'd*, 331 N.C. 115, 413 S.E.2d 799 (1992), the plaintiff presented the affidavit of a witness who had been sitting approximately 20 feet from where the plaintiff had fallen for approximately 20 minutes prior to the plaintiff's fall, *id.* at 574, 406 S.E.2d at 312. The witness testified that he had an unobstructed view of patrons walking through that area of the store and that nothing had been spilled there during that period of time. *Id.* The Court held that this evidence was

YANG v. THREE SPRINGS, INC.

[142 N.C. App. 328 (2001)]

sufficient to survive a summary judgment motion. *Id.* Similarly, in *Warren v. Rosso and Mastracco, Inc.*, 78 N.C. App. 163, 336 S.E.2d 699 (1985), this Court reversed an entry of summary judgment, holding that the plaintiff's testimony that human waste on the floor was dried and had footprints in it at the time she slipped on it was sufficient to raise an inference that defendant had constructive notice of the hazard, *id.* at 165-66, 336 S.E.2d at 701-02.

In the instant case, plaintiff presented evidence that the liquid on which he slipped was detergent that had leaked from a container onto a shelf, down the side of the shelving structure, and onto the floor. Furthermore, plaintiff presented evidence that the liquid on the tops and sides of the shelves had already dried and become pink at the time of his fall. This evidence is sufficient to raise an inference that the liquid detergent had been leaking for such a length of time that defendant should have known of its existence in time to have removed the danger or to have given proper warning of its presence. Thus, we hold that the evidence, when viewed in the light most favorable to plaintiff, raises a genuine issue of material fact. Accordingly, we reverse the entry of summary judgment and remand for trial.

Reversed and remanded.

Chief Judge EAGLES and Judge SMITH concur.