LILLIAN G. PRICE v. JACK ECKERD CORPORATION

No. 9010SC345

(Filed 4 December 1990)

**Negligence § 57.5 (NCI3d) — fall in store — contributory negligence — directed verdict for defendant improper**

    The trial court should not have granted a directed verdict for defendant in an action arising from plaintiff's fall in a store where plaintiff asked a cashier for help in locating an item; looked in the direction in which the cashier pointed and noticed advertisements hanging from the ceiling; took one step

with her left foot and one step with her right foot; caught her right foot on a small but heavy box; and fell face down upon the floor. Whether a reasonably prudent person using ordinary care under similar circumstances would have looked down at the floor and seen the box before walking is a question the jury must resolve; likewise, given the possibility that plaintiff's attention was diverted by the cashier's directions and by the advertisements, it cannot be said as a matter of law that plaintiff was guilty of contributory negligence in bringing about her injuries.

**Am Jur 2d, Premises Liability §§ 782, 783.**

**Liability of proprietor of store, office, or similar business premises for injury from fall due to presence of obstacle placed or dropped on floor. 61 ALR2d 110.**

Judge DUNCAN concurred in this opinion prior to 29 November 1990.

APPEAL by plaintiff from judgment filed 1 December 1989 by *Judge James H. Pou Bailey* in WAKE County Superior Court. Heard in the Court of Appeals 24 October 1990.

*McNamara, Pipkin, Knott & Carruth, by J. T. Knott, III and Ashmead P. Pipkin, for plaintiff-appellant.*

*Bell, Davis & Pitt, P.A., by J. Dennis Bailey and Joseph T. Carruthers, for defendant-appellee.*

GREENE, Judge.

Plaintiff appeals the trial court's judgment filed 1 December 1989 granting the defendant's motion for directed verdict made at the close of the plaintiff's evidence.

The evidence, when viewed in the light most favorable to the plaintiff, shows the following: On 6 March 1986, the plaintiff, a seventy-six-year-old woman, entered the Eckerd Drug Store located on Raeford Road in Fayetteville, North Carolina. She went to the store to buy some Tums. She searched for the Tums for some time, and when she was unable to locate them, she decided to ask a cashier for help. She walked up an aisle to the cash register behind which was a cashier, Ms. Toni Gillis. When the plaintiff was just beyond the end of the aisle and thereby three to four

steps away from Ms. Gillis, the plaintiff asked Ms. Gillis where the Tums were located, and Ms. Gillis pointed in the direction of the prescription department, which was to Ms. Gillis' left and to the plaintiff's right. The plaintiff could not see the Tums from her location because a wall of merchandise separated her from the prescription department.

At this point, the plaintiff was standing at an angle to Ms. Gillis. When Ms. Gillis pointed to the prescription department, the plaintiff looked over in that direction, noticing the advertisements hanging from the ceiling. She then turned on her left foot, took one step with her left foot, then took one step with her right foot, catching her right foot on a small but heavy box and falling face down upon the floor. She sustained various injuries from her fall. According to Ms. Gillis, the box had been left on the floor by one of the store managers during the process of stocking the shelves. At the time of the fall, the plaintiff was looking in the direction of the prescription department, not at the floor.

The plaintiff filed suit against the defendant on 18 November 1987. On 8 February 1989, the defendant filed a motion for summary judgment. The trial court denied that motion concluding that there were "genuine issues of material fact that should be considered by the jury." The case came on for trial on 27 November 1989. After the plaintiff had presented her evidence, the defendant told the trial court that it would not be presenting any evidence. Rather, the defendant motioned for a directed verdict pursuant to N.C.G.S. § 1A-1, Rule 50, which the trial court granted "on the grounds that plaintiff was contributorily [sic] negligent as a matter of law."

As we have recently stated,

> [t]he purpose of a motion for directed verdict is to test the legal sufficiency of the evidence for submission to the jury and to support a verdict for the non-moving party. . . . In deciding the motion, the trial court must treat non-movant's evidence as true, considering the evidence in the light most favorable to non-movant, and resolving all inconsistencies, contradictions and conflicts for non-movant, giving non-movant the benefit of all reasonable inferences drawn from the evidence. . . . Non-movant's evidence which raises a mere possibility or conjecture cannot defeat a motion for directed verdict. . . . If, however, non-movant shows more than a scintilla of evidence, the court must deny the motion. . . . Grant

of motion for directed verdict in negligence cases is rare; the issues 'are ordinarily not susceptible of summary adjudication because application of the prudent man test, or any other applicable standard of care, is generally for the jury.' . . . 'A verdict may never be directed when there is conflicting evidence on contested issues of fact.'

*McFetters v. McFetters*, 98 N.C. App. 187, 191, 390 S.E.2d 348, 350 (1990) (citations omitted). When a defendant pleads as a defense the plaintiff's contributory negligence, the defendant has "the burden of proof on the issue," and if the defendant offers no evidence, a directed verdict for the defendant "based on plaintiff's contributory negligence is appropriate only when there are no genuine issues of fact, . . . and [the] 'non-movant's contributory negligence [is so clearly established] that no other reasonable inference or conclusion may be drawn therefrom.' " *Id.* at 193, 390 S.E.2d at 351 (citations omitted).

---

The issue is whether the evidence viewed in the light most favorable to the plaintiff allows but one reasonable inference, that the plaintiff was contributorially negligent with regard to her injuries.

The defendant argues that the plaintiff was contributorially negligent as a matter of law "because the evidence clearly established that [the] plaintiff fell over the box because she was not looking where she was going."

"Negligence is the failure to exercise a duty of care for the safety of another." *Thomas v. Dixson*, 88 N.C. App. 337, 340, 363 S.E.2d 209, 212 (1988). Because the plaintiff entered the defendant's store to purchase the defendant's goods, the plaintiff is considered an invitee. *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 467, 279 S.E.2d 559, 562 (1981). Because the plaintiff was an invitee, the defendant owed the plaintiff "the duty to exercise ordinary care to keep its store in a reasonably safe condition and to warn her of hidden dangers or unsafe conditions of which it had knowledge, express or implied." *Id.* The defendant also owed the plaintiff the duty "to maintain its aisles and passageways in such condition as a reasonably careful and prudent person would deem sufficient to protect its patrons while exercising ordinary care for their own safety." *Id.*

When a plaintiff does not discover and avoid an obvious defect, that plaintiff will usually be considered to have been contributorially negligent as a matter of law. *Thomas*, 88 N.C. App. at 341, 363 S.E.2d at 212. However, "where there is 'some fact, condition, or circumstance which would or might divert the attention of an ordinarily prudent person from discovering or seeing an existing dangerous condition,' " the general rule does not apply. *Id.* (citation omitted). Additionally, our Supreme Court has rejected an unbending application of the general rule stating that the contributory negligence defense does not automatically bar from recovery the " 'plaintiff who trips or falls over an object on the premises of another,' " even when the object was " 'in a position at which the plaintiff would have seen it had he or she looked.' " *Norwood*, 303 N.C. at 468, 279 S.E.2d at 563 (citation omitted).

> The basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety. *The question is* not whether a reasonably prudent person would have seen the . . . [object] had he or she looked but *whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor.*

*Id.* (emphases added).

Viewed in the light most favorable to the plaintiff, the evidence supports a reasonable inference or conclusion that she was not contributorially negligent in failing to look down at the floor. When she asked the cashier where the Tums were located, the cashier pointed toward the prescription department. The plaintiff looked toward the prescription department and noticed advertisements hanging from the ceiling. Paying attention to the cashier's directions, the plaintiff turned and began walking. The box over which she fell was so close to her that she had barely taken two steps before tripping over it. Whether a reasonably prudent person using ordinary care for her safety under similar circumstances would have looked down at the floor and seen the box before walking or would have proceeded in the same manner as the plaintiff is a question the jury must resolve. On these facts, a reasonable juror could find either way. Likewise, given the possibility that the plaintiff's attention was diverted by the cashier's directions and by the advertisements, we cannot say as a matter of law that the plaintiff was contributorially negligent in bringing about

her injuries. Whether her attention was in fact diverted and whether the circumstances facing her would have diverted the attention of an ordinarily prudent person from discovering or seeing the box are questions of fact. If the plaintiff's attention was in fact diverted, and if the same would have happened to an ordinarily prudent person, then the general rule would not apply, and the plaintiff cannot be considered to have been contributorially negligent as a matter of law. *Thomas*. Accordingly, the judgment of the trial court directing verdict for the defendant is vacated, and the case is remanded for a new trial.

New trial.

Judges ORR and DUNCAN concur.

Judge DUNCAN concurred in this opinion prior to 29 November 1990.