PADGETT v. J. C. PENNEY CO.

[112 N.C. App. 842 (1993)]

———————————

BONNIE J. PADGETT, PLAINTIFF v. J. C. PENNEY COMPANY, INC., DEFENDANT

No. 9222SC1005

(Filed 7 December 1993)

**Negligence § 140 (NCI4th) — fall in department store — umbrella in aisle — knowledge of dangerous condition**

The trial court properly granted summary judgment for defendant in a negligence action in which plaintiff alleged that she was injured when she tripped over an umbrella protruding several inches into an aisle from a display of umbrellas. Plaintiff failed to show that defendant was on actual or constructive

notice of the protrusion of the umbrella box into the aisle, an essential element of plaintiff's claim.

**Am Jur 2d, Premises Liability § 29.**

Appeal by plaintiff from order entered 25 June 1992 by Judge Judson D. DeRamus, Jr., in Iredell County Superior Court. Heard in the Court of Appeals 16 September 1993.

*Eisele & Ashburn, P. A., by Douglas G. Eisele, for plaintiff-appellant.*

*Golding, Meekins, Holden, Cosper & Stiles, by Lawrence W. Jones, of counsel, for defendant-appellee.*

JOHNSON, Judge.

In this action, plaintiff alleges that personal injuries sustained when she tripped over an umbrella in a box at defendant department store were a result of defendant's negligence. Plaintiff argues that defendant knew or should have known that the protruding umbrella created a hazardous condition, and that defendant failed either to correct the hazard or to warn the plaintiff of the hazard.

Plaintiff and her husband were shopping at defendant department store on 24 February 1988. Plaintiff and her husband walked down an aisle in the men's department approximately three to four feet wide toward a men's underwear display located on a wall at the end of the aisle; while proceeding in this direction, plaintiff stumbled. Plaintiff testified that defendant "had a display of different styles of underwear up high and so I was looking up there . . . And I was looking up and I walked by and that's when I tripped on that box that was sticking out of that bin." Plaintiff stated further that "[w]hen I found the underwear, that's what I was looking for and what I was looking at. . . . I can't look at the underwear and at the—everywhere else at the same time." Plaintiff testified that she bumped into a yellow box; that when she fell, her husband "picked the thing up and slung it back into the thing and kicked it, and it didn't go all the way back in;" and that when her husband kicked it, it "was as far as it was going; it was, like, about maybe four inches or so."

Plaintiff's husband testified it was his opinion that the umbrellas or the boxes they were in protruded from a display bin six to eight inches into the aisle where he and plaintiff were walk-

ing; that there was a distance of approximately eight inches from the floor to the bin containing the umbrellas; and that he did not see the umbrellas before his wife stumbled because they were both looking up at the display.

Plaintiff's sole argument on appeal is that the trial court erred in granting defendant's motion for summary judgment. For reasons which follow, we affirm the decision of the trial court.

Summary judgment is appropriate only when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. North Carolina General Statutes § 1A-1, Rule 56 (1990). The moving party has the burden of establishing the lack of any triable issue, and may meet this burden by proving that an essential element of the opposing party's claim is nonexistent. All inferences of fact from the proof offered at the hearing must be looked at in the light most favorable to the nonmoving party. *Mozingo v. Pitt County Memorial Hospital*, 331 N.C. 182, 415 S.E.2d 341 (1992).

In reviewing the record, we must determine if plaintiff has made out a prima facie case of a breach of defendant's duty in order to properly submit it to the jury. The duty which defendant owes to plaintiff depends upon plaintiff's status; here, plaintiff was an invitee "because her purpose for entering the store was to purchase goods[.]" *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 467, 279 S.E.2d 559, 562 (1981) (citations omitted). The duty defendant owed to plaintiff, as an invitee, was the duty to exercise ordinary care to keep its store in reasonably safe condition and to warn plaintiff of hidden dangers or unsafe conditions of which defendant had express or implied knowledge. *Id.*

In order to prove that defendant is negligent, plaintiff herein "must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992) (citations omitted). When the unsafe condition is attributable to third parties, the plaintiff "must show that the condition 'existed for such a length of time that defendant knew or by the existence of reasonable care should have known of its existence, in time to have removed the danger or [to have] given proper warning of its presence.'" *Id.* (Citations omitted.)

PADGETT v. J. C. PENNEY CO.

[112 N.C. App. 842 (1993)]

Defendant's affidavit indicates that none of the floor managers on duty on 24 February 1988 were aware of a potentially hazardous condition on the sales floor, nor were they advised that such a condition existed. Further, defendant states that it is common practice for department stores to allow customers to handle merchandise prior to purchasing the merchandise, and that while every effort is made to do so, it is "impossible" for defendant or any other department store to immediately remedy every potentially hazardous situation created by a customer handling and then reshelving merchandise on the sales floor.

In the case herein, plaintiff failed to show that defendant was on actual or constructive notice of the protrusion of the umbrella box into the aisle, an essential element of plaintiff's claim. Further, plaintiff has not presented any evidence indicating for how long this condition occurred. Plaintiff has not proven this essential element of her case, that defendant knew or should have known of the existence of the dangerous condition. Therefore, plaintiff's claim fails.

Plaintiff argues that *Norwood* controls the outcome of this appeal. In *Norwood*, the plaintiff tripped over the edge of a display base which protruded three to four inches into an aisle. *Norwood* is distinguishable in that the evidence therein showed the defendant placed the display in such a position as "to attract and keep the customer's attention at eye level." *Norwood*, 303 N.C. at 469, 279 S.E.2d at 564. Further, the trial court in *Norwood* found plaintiff contributorily negligent as a matter of law. Here, plaintiff has simply failed to prove her prima facie case of negligence.

We find the trial court properly granted summary judgment on these facts.

The decision of the trial court is affirmed.

Judges COZORT and McCRODDEN concur.