PATRICIA NOURSE, Plaintiff v. FOOD LION, INC., Defendant

No. COA96-1350

(Filed 19 August 1997)

### 1. Negligence § 154 (NCI4th)— grocery store—slip and fall—active negligence—genuine issues of material fact

The trial court erred in granting summary judgment in favor of defendant grocery store in an action to recover damages for plaintiff customer's slip and fall on a grape and water in defendant's produce department where the evidence presented genuine issues of material fact as to whether defendant was actively negligent (1) in failing to keep the floors inspected and cleared of debris; (2) in the manner it which it displayed its grapes; and (3) in failing to enforce methods of preventing the accumulation of debris on the floor.

### 2. Negligence § 154 (NCI4th)— grocery store—slip and fall—passive negligence—genuine issue of material fact

The trial court erred in granting summary judgment in favor of defendant grocery store in an action to recover damages for plaintiff customer's slip and fall on a grape and water in defendant's grocery store where there was a genuine issue of material fact raised as to whether defendant was passively negligent in failing, after constructive notice of the presence of grapes and water on its produce floor, to remove the grapes and water from the floor where plaintiff presented evidence from which a reasonable inference could have been drawn that the grapes on had been on the floor for a period of time prior to plaintiff's fall and the water on the floor could have come from the ice in the grape display.

### 3. Negligence § 146 (NCI4th)— grocery store—customer—slip and fall—contributory negligence—jury question

A jury question existed as to whether a reasonably prudent person would have looked down at the floor while shopping in a grocery store and avoided a slip and fall on grapes and water on the floor in defendant grocery store's produce department; therefore, the trial court erred in granting summary judgment in favor of defendant grocery store on the basis that plaintiff customer was contributorily negligent.

Judge JOHN dissenting.

NOURSE v. FOOD LION, INC.

[127 N.C. App. 235 (1997)]

Appeal by plaintiff from judgment dated 1 July 1996 by Judge David Q. LaBarre in Wake County Superior Court. Heard in the Court of Appeals 4 June 1997.

*J.B. Rouse, III & Associates, by Elizabeth Kennedy-Gurnee and Ginger L. Crosby, and Graham F. Gurnee, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, by Elizabeth J. Hallyburton, for defendant-appellee.*

GREENE, Judge.

Patricia Nourse (plaintiff) appeals from the entry of summary judgment in favor of Food Lion, Inc. (defendant) in an action to recover damages for her slip and fall in the defendant's produce department.

In her complaint the plaintiff alleges that while shopping in the defendant's store she slipped and fell "while walking past the produce aisle . . . that was littered with produce and liquid." She specifically alleges the defendant was negligent by failing:

a. to properly keep an outlook to ensure that the floor surfaces were free of debris.

b. to properly train agents and employees in methods of detecting and eliminating floor debris.

c. to develop or enforce proper methods to see that produce and liquid did not accumulate on the floor.

d. to adequately inspect the floor surfaces to detect dangerous situations in time to protect the public.

e. to maintain a number of employees on duty to adequately ensure that dangerous situations could be detected in time to protect the public.

f. to adequately design the produce counters at this store to protect the public from the dangerous and hazardous spillage of food stuffs and liquid onto the floor.

g. to take all steps that defendant knew, or reasonably should have known were necessary to protect the public from hazards, known and unknown, that are encumbent [sic] in the operating of a food selling operation.

NOURSE v. FOOD LION, INC.

[127 N.C. App. 235 (1997)]

Accompanying its motion for summary judgment were affidavits from the defendant's manager and other employees. The manager stated in his affidavit that it was his "regular practice to inspect the floor in the produce department at frequent intervals throughout [his] shift" and he had "no reason to think that the floor in the produce department was not being inspected and cleaned on [23 June 1990] according to customary procedure." He further stated that "[t]he floor in the produce department was routinely swept and mopped once an hour and as needed. During the peak traffic hours, from 4:00 p.m. to 7:00 p.m., it was not uncommon for the produce floor to be swept and mopped two to three times an hour if necessary" and that "there was a mat on the floor in front of the grape display case since grapes suffered most from handling by customers." He also testified that it was his "practice to inspect the floor as [he] moved about in the produce department." A produce clerk who was working at the time of the accident stated in his affidavit that he was "always careful to check the floor for any debris that might have fallen off the produce cart, either on its way to the front of the store or while it was being arranged in the display cases." It was also his custom "to be alert to anything a customer might fall over or slip on and to take immediate action to eliminate any potential hazard." He further stated that he did "not know who would have been the last employee to inspect and clean the floor in the area where the fall" occurred. Another employee working on the date of the accident stated in his deposition that "[i]t is the responsibility of each Food Lion employee to keep the store neat and clean. Employees are trained to do this and are expected to sweep regularly throughout the day and damp mop whenever necessary." He further stated that the manager on duty "regularly inspects the entire store area throughout the day," and such conduct "was the practice of management at Store 75 while I was there." He had "no reason to believe that the inspection and cleaning procedures which were followed on a daily basis at Store 75 were not being followed that day." The defendant also presented the following portion of the defendant's deposition of the plaintiff:

Q: If you had looked right down at the floor, would you have seen the grapes and water?

A: Probably.

Q: So, the grapes and water weren't hidden in any way?

A: No.

In response to the defendant's motion for summary judgment the plaintiff presented evidence that although she was not looking down at the time of her fall and thus did not see any object that was definitively the cause of her fall, after her fall she did find one squashed green seedless grape which had turned brown stuck to the bottom of her shoe and her clothes were soaked with water from the floor, and there were eight to ten grapes lying on the floor nearby. The location where the plaintiff fell was between five to six feet from the grape display and she stated that she did not handle any grapes prior to her fall. None of the defendant's employees were in the produce department of the store when the plaintiff fell and there is no record of when the produce department was last inspected or cleaned before plaintiff fell. Both the plaintiff and Linda Lynch, a companion who was with her at the time she fell, stated that there was no rug or mat on the floor in front of the grape display. The plaintiff presented evidence that the grapes for sale were separated by pieces of wax paper on top of a pack of ice in an open plastic display case near a metal hanging scale used by customers to weigh produce.

The issues are whether genuine issues of material fact are presented as to (I) the defendant's active negligence; (II) the defendant's passive negligence; and (III) the plaintiff's contributory negligence.

In a premises liability case involving injury to an invitee, the owner of the premises has a duty to exercise " 'ordinary care to keep in a reasonably safe condition those portions of its premises which it may expect will be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision.' " *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342 (1992) (quoting *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 203, 130 S.E.2d 281, 283 (1963)). To prove a breach of that duty of care the plaintiff (invitee) is required to show that the defendant (owner-proprietor) either "(1) negligently created the condition causing the injury," (active negligence) or "(2) negligently failed to correct the condition after actual or constructive notice of its existence" (passive negligence). *Id.* at 64, 414 S.E.2d at 342-43.[1] Evidence that the condition (causing the fall) on the premises existed for some period of time prior to the fall can support a finding of constructive

---

1. Active negligence "denotes some positive act or some failure in duty of operation which is equivalent of a positive act." Black's Law Dictionary 33 (6th ed. 1990). Passive negligence "is negligence which permits defects, obstacles, or pitfalls to exist on premises." *Id.* at 1034.

**NOURSE v. FOOD LION, INC.**

[127 N.C. App. 235 (1997)]

notice. *See Morgan v. Tea Co.*, 266 N.C. 221, 228, 145 S.E.2d 877, 883 (1966) (evidence that "vegetable leaf . . . was mashed and bruised and that other debris was [on the floor]" supports submission of issue to jury on store owner's negligence); *Long v. Food Stores*, 262 N.C. 57, 61, 136 S.E.2d 275, 278-79 (1964) (evidence of grapes on the floor "full of lint and dirt" sufficient to show that owner had knowledge of their presence).

A defendant is entitled to summary judgment as to "all or any part" of a claim, N.C.G.S. § 1A-1, Rule 56(b) (1990), "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [defendant] is entitled to judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (1990). Specifically, a premises owner is entitled to summary judgment in a slip and fall case if it can show either the non-existence of an essential element of the plaintiff's claim or that the plaintiff has no evidence of an essential element of her claim. *Roumillat*, 331 N.C. at 63, 414 S.E.2d at 342. Only if the movant-defendant makes its showing is the nonmovant-plaintiff required to present evidence. *Bernick v. Jurden*, 306 N.C. 435, 441, 293 S.E.2d 405, 409 (1982). If the defendant makes its showing, the plaintiff is required to produce a forecast of evidence showing that there are genuine issues of material fact for trial. *Roumillat*, 331 N.C. at 63, 414 S.E.2d at 342. "All inferences of fact must be drawn against the movant and in favor of the nonmovant." *Id.*

I

*Active Negligence*

[1] Plaintiff's allegations that defendant was actively negligent are that the defendant failed to: (1) properly train employees "in methods of detecting and eliminating floor debris"; (2) "maintain a number of employees on duty to adequately ensure that dangerous situations could be detected in time to protect the public"; (3) "adequately design the produce counters at this store to protect the public from the dangerous and hazardous spillage of food stuffs and liquid onto the floor"; (4) "adequately inspect the floor surfaces" and "keep an outlook to ensure that the floor surfaces were free of debris"; and (5) "develop or enforce proper methods to see that produce and liquid did not accumulate on the floor."

Our review of the evidence reveals genuine issues of material fact with respect to several of the issues raised by the pleadings. On the

**NOURSE v. FOOD LION, INC.**

[127 N.C. App. 235 (1997)]

issue that the defendant *failed to properly "inspect" or "keep an outlook"* for debris on the floor, the defendant presented evidence that "[t]he floor in the produce department was routinely swept and mopped once an hour and as needed. During the peak traffic hours, from 4:00 p.m. to 7:00 p.m., it was not uncommon for the produce floor to be swept and mopped two to three times an hour if necessary." A produce clerk on duty the afternoon and evening of 23 June 1990 in the defendant's store stated that his responsibilities as produce clerk included "arranging the produce in the display cases, and inspecting the entire department frequently throughout the day" and that he "was always careful to check the floor for any debris that might have fallen off the produce cart, either on its way to the front of the store or while it was being arranged in the display cases." He also stated that while he "routinely inspected and cleaned the produce floor throughout the day," he did not "know who would have been the last employee to inspect and clean the floor in the area where the fall is supposed to have occurred."

In response the plaintiff presented evidence that the floors were dirty and that there was no evidence that the routine procedures were followed on this particular day. The plaintiff also testified that the grape she slipped on was brown, indicating that it had been on the floor for sometime (raising an inference that the floor had not been recently cleaned). This raises a genuine issue of material fact as to whether the defendant was negligent in failing to keep the floors inspected and cleared of debris.

As to plaintiff's allegation of *improperly designed grape display counters*, the plaintiff presented evidence that the scale used to weigh the grapes was located some five to six feet from the grape display counter, that the grapes were displayed on ice and were not contained in bags. The defendant did not refute this evidence. This evidence raises an issue of fact as to whether the defendant was negligent in its display of the grapes.

As to the allegation that the defendant *did not "develop or enforce" methods to prevent the accumulation of debris* on the floor, the defendant presented evidence that it kept a mat on the floor in front of the grape display at all times, except when the floor was being buffed. The plaintiff's evidence was that there was no mat in place at the time of the fall. This raises a genuine issue of fact.

## II

### *Passive Negligence*

**[2]** In response to the plaintiff's allegations that the defendant knew or should have known of the hazards causing the plaintiff's fall and failed to warn the plaintiff, the defendant presented evidence that none of its employees were aware that there were either grapes or water on the floor. It also presented evidence in the form of the plaintiff's own statement that she did not know where the grapes came from or how long they or the water had been on the floor. The plaintiff introduced evidence that the grape stuck beneath her shoe was brown, thus giving rise to an inference that the grapes had been on the floor for some time. *See Morgan*, 266 N.C. at 228, 145 S.E.2d at 883. The inference that the grape had been on the floor for some period of time prior to the plaintiff's fall is supported by the presence of water on the floor. A reasonable inference is that the water came from ice (from the grape display) that had dropped on the floor and remained there long enough to melt. Thus a genuine issue of material fact is raised as to whether the defendant failed, after constructive notice of their presence, to remove the grapes from the floor.

## III

**[3]** In the alternative, the defendant argues that summary judgment was proper on the grounds of the plaintiff's contributory negligence. Specifically the defendant argues that the evidence shows that if the plaintiff had been looking where she was walking, she would have seen the grapes and water on the floor and could have avoided the fall.

When a plaintiff does not discover and avoid an obvious defect, that plaintiff will usually be considered to have been contributorially negligent as a matter of law. However, "where there is 'some fact, condition, or circumstance which would or might divert the attention of an ordinarily prudent person from discovering or seeing an existing dangerous condition,' the general rule does not apply." *Price v. Jack Eckerd Corp.*, 100 N.C. App. 732, 736, 398 S.E.2d 49, 52 (1990) (material issues of fact exist as to plaintiff's contributory negligence where plaintiff failed to look down at floor and tripped over box on floor of drug store) (quoting *Thomas v. Dixson*, 88 N.C. App. 337, 341, 363 S.E.2d 209, 212 (1988)). As our Supreme Court has stated: "[t]he question is not whether a reasonably prudent person would have seen the [object] had he or she looked but whether a person

using ordinary care for his or her own safety under similar circumstances would have looked down at the floor." *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468, 279 S.E.2d 559, 563 (1981).

In this case even assuming the plaintiff would have seen the grapes and water on the floor had she looked, a jury question is presented as to whether a reasonably prudent person would have looked down at the floor as she was shopping in the grocery store. A reasonably prudent person's attention could easily be diverted by advertisements or fruit and vegetable displays. We cannot hold that as a matter of law under these circumstances the plaintiff in the exercise of "ordinary care" should have looked down at the floor.

In summary, because there are genuine issues of material fact presented on at least one of the issues relating to the defendant's negligence and as to the plaintiff's contributory negligence, summary judgment was improper.

Reversed and remanded.

Judge JOHN dissents with separate opinion.

Judge WALKER concurs.

Judge JOHN dissenting.

I respectfully dissent.

Plaintiff in her deposition testimony stated she had "no idea" how long the grapes had been on the store floor and that she did not know where they came from or how they or the water got on the floor. She also indicated she had no knowledge that any employees of defendant were aware of water or grapes on the floor where she fell. Defendant's evidence in no way provided this information, and defendant thus carried its summary judgment burden of demonstrating the absence of an essential element of plaintiff's claim, *i.e.*, actual or constructive notice on the part of defendant of the condition alleged to have caused plaintiff's fall. *See Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 343 (1992), *Farrelly v. Hamilton Square*, 119 N.C. App. 541, 544, 459 S.E.2d 23, 26 (1995), *Padgett v. J.C. Penny Co., Inc.*, 112 N.C. App. 842, 845, 437 S.E.2d 401, 403 (1993), *Hill v. Supermarkets*, 42 N.C. App. 442, 448, 257 S.E.2d 68, 71 (1979), *Hinson v. Cato's, Inc.*, 271 N.C. 738, 739, 157 S.E.2d 537, 538 (1967), *Smith v. Hickory*, 252 N.C. 316, 318, 113

S.E.2d 557, 559 (1960), *Revis v. Orr*, 234 N.C. 158, 160-61, 66 S.E.2d 652, 654 (1951), and *France v. Winn-Dixie Supermarket*, 70 N.C. App. 492, 492, 320 S.E.2d 25, 25 (1984), *disc. review denied*, 313 N.C. 329, 327 S.E.2d 889 (1985).

Moreover, the record further reflects plaintiff's contributory negligence. The majority properly notes established law that one who "does not discover and avoid an obvious defect . . . will usually be considered to have been contributorily negligent as a matter of law." However, the majority further relies on *Price v. Jack Eckerd Corporation*, 100 N.C. App. 732, 736, 398 S.E.2d 49, 52 (1990) as creating a jury question concerning plaintiff's contributory negligence, asserting that "a reasonably prudent person's attention could easily be diverted by advertisements or fruit and vegetable displays."

In *Price,* evidence was presented that the plaintiff sought directions from an Eckerd's employee to locate a product. *Id.* Thereafter,

> the cashier pointed toward the prescription department. The plaintiff looked toward the prescription department and noticed advertisements hanging from the ceiling. Paying attention to the cashier's directions, the plaintiff turned and began walking.

*Id.* The plaintiff then tripped over a box on the store floor. *Id.*

Evidence in the *Price* record thus raised an issue of fact regarding whether the plaintiff's attention was diverted by the cashier's pointing or by the advertisements. The majority herein perceives an issue of fact to be raised by its unsubstantiated determination that plaintiff's "attention *could easily [have been]* diverted" (emphasis added) and not by any evidence in the record tending to show plaintiff's attention indeed *was* diverted.

Based on the foregoing, I vote to affirm the trial court's grant of summary judgment.

I further dissent from the majority's artificial division of the issue of defendant's negligence into "active" and "passive" categories. While negligence may indeed be characterized as active or passive, the majority cites no decision of our courts setting out such a differentiation for purposes of summary judgment analysis. In the case *sub judice*, the distinction is at best unnecessary and potentially confusing.

Finally, I dissent from any implication in the majority opinion that would require the trial court, or this Court on appeal, to evaluate the

evidence as to every material fact and to render a summary judgment decision as to each. The time-honored rule is that if "a [single] genuine issue of material fact does exist, the motion for summary judgment *must* be denied." *Vassey v. Burch*, 301 N.C. 68, 73, 269 S.E.2d 137, 140 (1980) (citation omitted) (emphasis added).