***********
The Full Commission has reviewed the Opinion and Award based on the record of the proceedings before Deputy Commissioner Garner and the parties' briefs. The parties waived oral argument before the Full Commission. Plaintiff has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, born on July 22, 1970, was injured on 16 January 1989 while driving along Standard Street in Elkin, N.C., approaching the intersection with N.C. Highway 268. Three sets of railroad tracks cross Standard Street just prior to its intersection with N.C. Highway 268. A stop sign placed approximately 17 feet north of the train tracks, but some 90 feet south of the N.C. Highway 268, controls the flow of traffic onto that highway. While slowing to stop in obedience to this stop sign, plaintiff's car was struck by a train.
2. Plaintiff sustained serious injuries as a result of this incident including multiple trauma, incurring facial, pelvic and left femur fractures, left pneumothorax, hemoperitoneum with bladder perforation and colon laceration, closed head injury with increased intracranial pressure and brain stem contusion, papilledema with optic atrophy on the left, and right sided hemiparesis, secondary to her left sided cerebral contusions. Also as a result of the incident, plaintiff has impaired vision in her left eye, scars under both arms, scars along the eyebrows of both eyes, a scar from the sternum down to the navel area, headaches, and memory loss.
3. Susan Norman was injured by reason of the negligence of the N.C. Department of Transportation and its employees, Harold M. Steelman, Jr. and W.O. Atkins. The injury giving rise to this claim occurred in the Town of Elkin, in Surry County, N.C., at the intersection of East Standard Street and railroad milepost K 80.5.
4. Defendant was negligent in failing to provide the warning signs, markings and traffic signals that were necessary; also to the extent that it erected such, that it did so in a negligent manner. On the north side of the intersection of the rail-highway grade crossing 721 865B on Standard Street in the Town of Elkin there is located, approximately 17 feet north of the most northerly track that intersects said intersection, a stop sign facing in a general southerly direction. This stop sign, which was just 17 feet past the railroad tracks, requires plaintiff and others to slow for the stop sign as they approach and cross over the railroad tracks thereby placing vehicles in a place of danger.
5. The injuries sustained by plaintiff were a direct and proximate result of defendant's negligently placing a stop sign or causing to be placed and then maintaining a stop sign in a location that generates substantial confusion to the traffic public and, more particularly, plaintiff herein, thus increasing the danger at this railroad crossing.
6. The responsibility for controlling the ingress and egress from a State Highway is solely that of the North Carolina Department of Transportation. Therefore, the improper location of a stop sign controlling ingress to a State Highway is the legal responsibility of the Department of Transportation no matter where the sign is located and no matter who actually places the sign. The sign that is the subject of this claim was placed approximately 90 feet away from the N.C. Highway 268 intersection that it was intended to regulate. The stop sign was too close to the railroad crossing and too far away from the N.C. Highway 268 intersection to effectively regulate the intersection. Mr. Steelman, a Field Support Engineer with the Department of Transportation who qualified as an expert in signalization, testified, and the Full Commission finds as fact, that the location of the stop sign was confusing. If the stop sign is confusing to a Department of Transportation expert in signalization, reasonable inference can be made that it would be even more confusing to the non-expert layperson or plaintiff in this case, which resulted in plaintiff being hit by an oncoming train when she slowed to obey the stop sign that was just beyond the railroad crossing.
7. Defendant argues that it is not legally responsible for plaintiff's accident because the location of the sign in question was not on the state highway system and, therefore, no duty arose for it to maintain this location. The evidence indicates the sign is supposed to control traffic entering N.C. Highway 268 from Standard Street; therefore, had the sign been placed in its proper place, it would have been on the state highway system. Defendant cannot escape legal responsibility by claiming the sign was not on the state highway system, when the sign was not placed within the proximity to the intersection as required by the federally mandated Manual of Uniform Traffic Control Devices. Mr. Harold Steelman, the field engineer for defendant who qualified as an expert in traffic signals, testified that the purpose of locating a stop sign within 50 feet of an intersection is to provide safety to the traffic and public, and that if you put the sign too far back, people will not know whether the sign was intended to regulate the intersection of the roads or the railroad crossing.
8. Pursuant to N.C. Gen. Stat. § 20-158(a), defendant is given the authority to erect or install stop signs with reference to highways under its jurisdiction. The record shows defendant's awareness of this and its corresponding legal responsibility, "[t]he stop sign was on the other side of the railroad track and governed traffic entering from the city street in to the state highway." (Transcript, Page 18, Lines 23-25). Because the stop sign in question controlled the approach to a highway under the control of defendant, and in the absence of other proof, the Full Commission finds that the sign was in fact placed in its location by personnel of defendant or someone acting at the direction of defendant.
9. Defendant was under a duty to inspect the sign to make certain that it was properly installed. Confirmation of this duty is found in the testimony given by Mr. Harold Steelman, the field engineer for defendant who was qualified as an expert in traffic signals. Mr. Steelman testified, and the Full Commission finds as fact, that the Department of Transportation would have the responsibility of erecting a stop sign on a road that intersects with the state maintained N.C. Highway 268.
10. With the location of the stop sign on the date of the accident in question, it was reasonably foreseeable that an accident such as the one in which plaintiff was involved, between a motorist and a train, could have occurred.
11. The location of the stop sign, which was under the control and the responsibility of defendant, created an unreasonable risk of harm to the public and plaintiff.
12. The location of the stop sign, which was under the control and the responsibility of defendant, was the proximate cause of plaintiff's accident and resulting injuries.
13. Based upon the evidence of record, the Full Commission finds that defendant could have placed the stop sign at a proper and safe location without undue hardship.
14. Defendant alleges contributory negligence by plaintiff due to her being familiar with this railroad crossing from "cruising" on weekend nights. The evidence indicates that trains only traveled along these rails during the weekdays. There was testimony that other witnesses heard a faint train whistle blow, but plaintiff never heard the train whistle. Plaintiff was not contributorily negligent, in that she was trying to obey the negligently placed stop sign which caused her to brake as she crossed the railroad tracks and be hit by the train. Plaintiff was distracted while trying to obey the negligently placed stop sign that was supposed to control an intersection with a state maintained highway in which defendant has the duty to provide for safe ingress and egress.
15. It is apparent from the injuries outlined in paragraph 2 of the Findings of Fact that plaintiff has been injured to an extent greater than or equal to $500,000.00. The Full Commission finds $500,000.00 to be a reasonable amount of damages in this matter.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The North Carolina Industrial Commission has subject matter and personal jurisdiction over this action and the parties.
2. Defendant, by and through the named employees herein, was negligent in its placement of, or in its causing to be placed and then maintenance of the stop sign in question. N.C. Gen. Stat. § 143-291 et seq.
3. Defendant's negligence was the proximate cause of plaintiff's 16 January 1989 accident resulting in bodily injuries and other damages to plaintiff. Id.
4. Plaintiff was not contributorily negligent. Where there is some fact, condition, or circumstance which would or might divert attention of ordinarily prudent person from discovering or seeing existing dangerous condition, general rule as to contributory negligence, under which plaintiff will usually be considered to have been contributorily negligent as a matter of law for failing to discover and avoid condition, does not apply. Nourse v. Food Lion, Inc., 127 N.C. App. 235, 488 S.E.2d 608
(1997).
5. Pursuant to Section 7A(d) and (k) of H.B. 1840 and N.C. Gen. Stat. § 143-299.2, as rewritten, the monetary cap applicable to this action is $500,000.00.
6. Plaintiff is entitled to the $500,000.00 maximum recovery allowed under Torts Claims Act, subject to a credit to defendant for the $145,000.00 that plaintiff has received in settlement proceeds from other alleged tortfeasors.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendants shall pay plaintiff $355,000.00 for the permanent injuries and pain and suffering she sustained as a result of defendant's negligence.
2. Defendant shall pay the cost.
This 19th day of February 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_________ CHRIS SCOTT COMMISSIONER
DISSENTING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER