An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-515

NORTH CAROLINA COURT OF APPEALS

Filed:  18 February 2014

DONNA K. CURRIN,
    Plaintiff

v.

Harnett County
No. 12 CVS 840

REX HEALTHCARE, INC. and REX
HOSPITAL, INC.,
    Defendants


Appeal by plaintiff from order entered 18 January 2013 by Judge Shannon R. Joseph in Harnett County Superior Court.  Heard in the Court of Appeals 26 September 2013.

> *Bain, Buzzard & McRae, LLP, by Edgar R. Bain and L. Stacy Weaver III, for Plaintiff.*

> *Cranfill Sumner & Hartzog LLP, by Jaye E. Bingham-Hinch and F. Marshall Wall, for Defendants.*


ERVIN, Judge.


Plaintiff Donna K. Currin appeals from an order granting summary judgment in favor of Defendants Rex Healthcare, Inc., and Rex Hospital, Inc., with respect to a personal injury claim that she had asserted against Defendants.  On appeal, Plaintiff argues that the trial court erroneously entered summary judgment in favor of Defendants on the grounds that the record reflected

the existence of genuine issues of material fact concerning the extent to which Plaintiff sustained personal injury as the result of Defendants' negligence and the extent to which her claim was barred on contributory negligence grounds. After careful consideration of Plaintiff's challenge to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

## I. Factual Background

### A. Substantive Facts

As part of her treatment for breast cancer, Plaintiff underwent surgery at Defendant Rex Hospital on 30 November 2009. A few days later, Plaintiff began undergoing radiation therapy at Defendant Rex Hospital. On eight separate occasions within three days of the date upon which she was injured, including the date upon which her injury occurred, Plaintiff went to Defendant Rex Hospital for radiation therapy.

At 9:00 a.m. on 9 December 2009, Plaintiff went to receive radiation therapy at Defendant Rex Hospital, having been driven there by her daughter, Donna Lynn Currin. Plaintiff arrived for her second treatment that day at 3:00 p.m. At approximately 3:30 p.m., after completing the second treatment, Plaintiff exited Defendant Rex Hospital. As she left the facility and headed across a circular driveway that ran in front of the

hospital's cancer center toward a parking facility that was specifically reserved for oncology patients, Plaintiff was walking alongside and talking with Ms. Currin. At the time that she left Defendant Rex Hospital, Plaintiff felt "fine" and was not experiencing any difficulty walking. Plaintiff did not have any vision-related difficulties which would have prevented her from seeing conditions at her feet.

Although Plaintiff has no memory of the events that occurred after she left Defendant Rex Hospital, Ms. Currin testified that, at the time of Plaintiff's departure from the hospital, the sun was out and the weather was clear. In addition, no leaves or similar objects obscured the surface of the area in which Plaintiff was walking.

As the two women crossed the driveway about six feet outside a marked crosswalk, Plaintiff suddenly fell and landed on her face. After Plaintiff fell, Ms. Currin attempted to determine what could have caused her mother's fall and observed a plastic object in plain sight on the pavement. Neither Plaintiff nor Ms. Currin had noticed the plastic object over which Plaintiff fell at the time that they entered Defendant Rex Hospital or as they returned to the parking lot prior to Plaintiff's fall. Ms. Currin photographed the area in which

Plaintiff's fall occurred on both the day on which her mother fell and on the following evening.

After Ms. Currin called for help, a number of nurses and a security guard came to Plaintiff's assistance. Eventually, Plaintiff was taken to the emergency room by stretcher. As a result of her fall, Plaintiff broke her nose, hurt her knee, cut her face, and still had facial scarring and knots on her knees three years later.

As early as 2003, plastic bases into which stanchions could be inserted had been placed in particular areas on the roads and driveways around Defendant Rex Hospital to keep cars from parking along the curb when parking spaces were unavailable, a problem which had become acute during the construction of a new parking deck. The bases utilized at Defendant Rex Hospital were approximately six inches in diameter and one and a half to two inches high, black in color, and connected to the asphalt by an adhesive. The surface onto which the bases were affixed was generally a "grayish black" color. The stanchions that were inserted into the bases were either fluorescent orange or white. After construction of the deck was completed, the stanchions were removed from the plastic bases. When inclement weather necessitated the closing of the Women's Center Deck, poles would be inserted into the plastic bases for the purpose of holding

signs to redirect traffic. Although the bases, which had not been used for months and which had been placed away from the crosswalk, could have been removed with relative ease without damaging the asphalt surface, they had been left in place because they could not be reattached to the asphalt following their removal and because procuring new bases would be expensive.

Laura Reynolds, who served as Defendant Rex Hospital's Protective Services Manager, went to the location at which Plaintiff had fallen before Plaintiff had been taken to the emergency room. At the location in question, Ms. Reynolds encountered Ms. Currin, who was irate about what had occurred. Although it was customary for an investigative report to be prepared when an injury occurred on the premises, no such report was developed in this instance. Instead, Ms. Reynolds discussed the situation with Defendant Rex Hospital's director of buildings and grounds. At the conclusion of that discussion, the two of them decided to have the plastic bases removed and to identify a new system for directing people to the parking deck, and took steps to have that decision implemented on the following date. Subsequently, the bases were removed.

According to Ms. Reynolds, the bases did not present a hazard to anyone walking to the hospital. In addition, Randy

Mullen, the facility maintenance manager in charge of the hospital grounds, testified that safety inspections were conducted at Defendant Rex Hospital and that he had never heard of anyone else falling on one of the bases before the date upon which Plaintiff was injured.

### B. Procedural Facts

On 20 April 2012, Plaintiff filed a complaint in which she sought to recover damages from Defendants on the grounds that the injuries which she sustained on 9 December 2009 resulted from their negligence. On 25 June 2012, Defendants filed an answer in which they denied the material allegations of Plaintiff's complaint and asserted contributory negligence; intervening, superseding, insulating, or concurring negligence; and assumption of the risk as affirmative defenses. On 21 December 2012, Defendants filed a motion seeking the entry of summary judgment in their favor on the grounds that the undisputed facts showed that Plaintiff was not injured as a proximate result of their negligence or, in the alternative, that Plaintiff's claim was barred by the doctrines of contributory negligence or assumption of the risk. After holding a hearing concerning the merits of Defendants' summary judgment motion, the trial court entered an order granting that

motion on 18 January 2013. Plaintiff noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

### A. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). "In ruling on [a motion for summary judgment,] the court must consider the evidence in the light most favorable to the nonmovant, and the slightest doubt as to the facts entitles him to a trial." *Williams v. 100 Block Assocs.*, 132 N.C. App. 655, 657, 513 S.E.2d 582, 583 (1999) (quotation marks omitted) (quoting *Snipes v. Jackson*, 69 N.C. App. 64, 72, 316 S.E.2d 657, 661, *disc. review denied*, 312 N.C. 85, 321 S.E.2d 899 (1984)). As the Supreme Court has stated:

> While [N.C. Gen. Stat. § 1A-1,] Rule 56, like its federal counterpart, is available in all types of litigation to both plaintiff and defendant, we start with the general proposition that issues of negligence . . . are ordinarily not susceptible [to] summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner. It is only in exceptional negligence cases that summary judgment is appropriate. This is so because the rule of the prudent man (or other

> applicable standard of care) must be applied, and ordinarily the jury should apply it under appropriate instructions from the court.

*Page v. Sloan*, 281 N.C. 697, 706, 190 S.E.2d 189, 194 (1972) (omission in original) (citations and quotation marks omitted). Thus, a trial court should only grant summary judgment in the event that the material facts, taken in the light must favorable to the non-moving party, show no basis for any decision other than the entry of judgment in favor of the moving party, with a decision by a trial court to enter summary judgment in favor of a particular party subject to *de novo* review on appeal. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

## B. Substantive Legal Analysis

A person or entity owning or controlling the use of property is subject to "the duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors." *Nelson v. Freeland*, 349 N.C. 615, 632, 507 S.E.2d 882, 892 (1998). "In order to prove a defendant's negligence, a 'plaintiff must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence.'" *Fox v. PGML, LLC*, __ N.C. App. __,

__, 744 S.E.2d 483, 485 (2013) (quoting *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992)). "A landowner is under no duty to protect a visitor against dangers either known or so obvious and apparent that they reasonably may be expected to be discovered . . . [and] need not warn of any 'apparent hazards or circumstances of which the invitee has equal or superior knowledge.'" *Von Viczay v. Thoms*, 140 N.C. App. 737, 739, 538 S.E.2d 629, 631 (2000) (citations omitted) (quoting *Jenkins v. Lake Montonia Club, Inc.*, 125 N.C. App. 102, 105, 479 S.E.2d 259, 262 (1997) ), *aff'd*, 353 N.C. 445, 545 S.E.2d 210 (2001). However, "[i]f a reasonable person would anticipate an unreasonable risk of harm to a visitor on his property, notwithstanding the lawful visitor's knowledge of the danger or the obvious nature of the danger, the landowner has a duty to take precautions to protect the lawful visitor." *Martishius v. Carolco Studios, Inc.*, 142 N.C. App. 216, 223, 542 S.E.2d 303, 308 (2001), *aff'd*, 355 N.C. 465, 562 S.E.2d 887 (2002).

In seeking to persuade us that the trial court erred by granting summary judgment in favor of Defendants, Plaintiff argues that she was injured as the result of Defendants' negligence on the grounds that the base over which she tripped was not an apparent hazard and posed a foreseeable risk of harm

to pedestrians in the area in which Plaintiff was walking at the time that she fell and that Defendants were negligent in creating such an obstacle and in failing to remove it. In the alternative, Plaintiff contends that, at an absolute minimum, there was a genuine issue of material fact concerning whether the base was apparent, a determination which, if accepted, would preclude a decision to grant summary judgment in Defendants' favor. We do not find Plaintiff's arguments persuasive.

In seeking to persuade us that the base over which she fell was not apparent, Plaintiff relies upon a number of different factors. More particularly, Plaintiff argues that the base was too small to be visible and was located on "a surface of the same color." In addition, Plaintiff points out that the base was not at eye level and emphasizes the fact that a reasonable person would expect the surface of a driveway to be smooth. As the result of all of these factors, Plaintiff contends that the base over which she fell was not apparent and that Defendants should, for that reason, be deemed to have acted negligently by installing the base and by failing to remove it prior to the date upon which she was injured.

A careful examination of the undisputed evidence presented for the trial court's consideration at the time of the summary judgment hearing establishes that the base over which Plaintiff

fell was six inches in diameter and approximately two inches tall. At the time that Plaintiff fell, the weather was clear, the sun was out, and no leaves or similar objects covered the base or otherwise interfered with Plaintiff's ability to see it. The photographs contained in the record, including those taken by Ms. Currin on the following evening, show that the base was not identical in color to the driveway surface and was easily visible at night. Despite arguing that Defendants were negligent because the base was not at eye level, Plaintiff has cited no authority tending to suggest that the fact that an object over which a plaintiff trips was not at eye level has any specific bearing on the issue of whether that object was apparent for purposes of North Carolina negligence law, and we have found no such authority in the course of our own research. Instead, "our prior cases merely establish that the facts must be viewed *in their totality* to determine if there are factors which make the existence of a defect in a sidewalk, in light of the surrounding conditions, a breach of the defendant's duty and less than 'obvious' to the plaintiff." *Pulley v. Rex Hosp.*, 326 N.C. 701, 706, 392 S.E.2d 380, 384 (1990). As a result, after considering all of the evidence contained in the record in light of the totality of the circumstances, we conclude that there is no genuine issue of material fact concerning the extent

to which the base over which Plaintiff tripped constituted an apparent hazard and that the base in question was, in fact, apparent.

In an attempt to avoid the obvious legal implications of this determination, Plaintiff contends that, even if the base over which she fell constituted an apparent hazard, the trial court erred by granting summary judgment in favor of Defendants on the grounds that the record demonstrates the existence of a genuine issue of material fact concerning whether she should have been expected to see the base over which she fell.[1] More specifically, Plaintiff argues, in reliance upon the Supreme Court's decision in *Pulley*, that "facts must be viewed *in their totality* to determine if there are factors which make the existence of a defect in a sidewalk, in light of the surrounding conditions, a breach of the defendant's duty and less than 'obvious' to the plaintiff" and that such factors "include the

---

[1]The decisions upon which Plaintiff relies inconsistently address the extent to which a plaintiff could have reasonably failed to observe an otherwise apparent hazard as having to do with the issue of the defendant's negligence or the plaintiff's contributory negligence. As a result of the fact that there are decisions that adopt both approaches, the fact that the decisions addressing this issue discuss cases sounding in both negligence and contributory negligence interchangeably, and the fact that we need not resolve that analytical issue in order to decide this case, we will not attempt to determine which approach is preferable and will, for simplicity's sake, address the decisions upon which Plaintiff relies as relevant to the issue of Defendants' negligence rather than Plaintiff's contributory negligence.

nature of the defect in the sidewalk, the lighting at the time of the accident, and *whether any other reasonably foreseeable conditions existed which might have distracted the attention of one walking on the sidewalk*." *Id.* (second emphasis added). Although there are, as Plaintiff notes, a number of decisions that establish that a plaintiff's failure to detect and avoid an obvious defect in a defendant's property may be overlooked under certain circumstances, we do not believe that those decisions justify a decision to reverse the trial court's order in this instance.

In *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468, 279 S.E.2d 559, 563 (1981), *reversed in part*, *Nelson*, 349 N.C. at 616, 507 S.E.2d at 883, the Supreme Court stated that, in considering whether or not a plaintiff was contributorily negligent for tripping over a generally visible hazard, "[t]he question is not whether a reasonably prudent person would have seen the [hazard] had he or she looked but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor." Based upon that premise, the Supreme Court found the existence of a *prima facie* case of negligence on the part of the defendant in a case in which one of the defendant's employees put a platform near an aisle that "protruded into the aisle" and then "placed a display

upon the platform and items along the aisle which were designed and intended to draw the customer's attention upward and away from the floor." 303 N.C. at 468, 279 S.E.2d at 563. Based upon these facts, the Supreme Court found that a reasonable juror could find that the plaintiff was not contributorily negligent in failing to see the protrusion that led to the plaintiff's fall based upon the relatively dim lighting in the store and the distractions to which the plaintiff was subject as a result of the display. *Id.* at 469-70, 279 S.E.2d at 563-64.

This Court has reached similar results on a number of occasions. In *Dowless v. Kroger Co.*, 148 N.C. App. 168, 172-73, 557 S.E.2d 607, 610 (2001), we rejected the defendant's contention that a verdict should have been directed in its favor given that the plaintiff injured herself by falling over an "obvious hazard" and the plaintiff's admission that, "if she had looked down, there is no reason that she would not have seen the hazard," on the grounds that the shopping cart that the plaintiff was returning partially blocked her view of the pothole which caused her fall and that the plaintiff was focused on the heavy traffic in the parking lot in which the pothole was situated. Similarly, in *Kremer v. Food Lion, Inc.*, 102 N.C. App. 291, 295, 401 S.E.2d 837, 839 (1991), we noted that, "[a]lthough failure to discover an obvious defect will usually

be considered contributory negligence as a matter of law, this general rule does not apply when circumstances divert the attention of an ordinarily prudent person from discovering an existing dangerous condition." As a result, we held that the trial court properly denied the defendant's directed verdict motion because "[e]vidence was offered that items were placed above the cooler [to which the plaintiff was walking] designed to draw the attention of shoppers." *Id.* Finally, in *Price v. Jack Eckerd Corp.*, 100 N.C. App. 732, 736, 398 S.E.2d 49, 52 (1990), we held that "the evidence support[ed] a reasonable inference or conclusion that [the plaintiff] was not [contributorily] negligent in failing to look down at the floor" given the "possibility that the plaintiff's attention was diverted by the cashier's directions and by the advertisements." In explaining our decision, we stated that:

> When a plaintiff does not discover and avoid an obvious defect, that plaintiff will usually be considered to have been [contributorily] negligent as a matter of law. However, where there is some fact, condition, or circumstance which would or might divert the attention of an ordinarily prudent person from discovering or seeing an existing dangerous condition, the general rule does not apply. Additionally, our Supreme Court has rejected an unbending application of the general rule stating that the contributory negligence defense does not automatically bar from recovery the plaintiff who trips or falls over an object on the premises of another, even when the

> object was in a position at which the plaintiff would have seen it had he or she looked.

*Id.* (citations and quotation marks omitted) (quoting *Norwood*, 303 N.C. at 468, 279 S.E.2d at 563 and *Thomas v. Dixson*, 88 N.C. App. 337, 341, 363 S.E.2d 209, 212 (1988)). As a result, a number of decisions of the Supreme Court and this Court establish that, in the event that other conditions existing in the vicinity of the object over which the plaintiff fell distracted his or her attention or interfered with his or her vision, the existence of an apparent hazard does not bar the plaintiff's right to recover damages for personal injury.

The decisions in question do not, however, suffice to justify a decision to overturn the trial court's order granting summary judgment in Defendants' favor. As we have already noted, each of the decisions upon which Plaintiff relies involved the presence of a factor that could have obstructed the plaintiff's ability to see an apparent hazard or operated to distract the plaintiff's attention from an apparent hazard. A careful review of the record reveals the absence of any evidence tending to show that other conditions in the vicinity of the base over which Plaintiff tripped had the potential to obstruct her ability to see the base or distract her attention. As a result, the trial court did not err by refusing to deny

Defendants' summary judgment motion on the theory that Plaintiff's failure to see the base over which she fell could be explained by other conditions in the area.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that the trial court did not err by granting summary judgment in favor of Defendants. As a result, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Judges ROBERT N. HUNTER, JR., and DAVIS concur.

Report per Rule 30(e).